Grover, J.
 

 The principal point urged by the counsel for the plaintiff in error, was that the indictment does not set forth any offence within the statute. It sets out, in substance, that the plaintiff in error, with intent feloniously to cheat and defraud one Emil Stork, did knowingly, etc., represent to him that a certain instrument in writing for the payment of money, commonly called a bank check, which he then and there delivered to him, purporting to have been drawn by one Pr. Smith, upon the Ocean Bank of the city of New York, dated, etc., for the sum of $140, was a good and genuine check, and that he, plaintiff in error, had money on deposit in said bank, and said check would be paid on presentation. The only question upon the indictment is as to the sufficiency of these representations to bring the case within the statute. They clearly are so. The substance is, that the money was on deposit in the bank for the payment of the check upon presentation, in the usual course of business, and that the check was therefore a good and available security to Stork for the payment of the purchase-money for the cigars, then sold and delivered by Stork to him, in reliance upon these representations. What is said in the indictment denominating the check as a false token, may all be rejected as surplusage. The indictment is good for the false pretences, wholly irrespective of this. The question whether a bank check, drawn by one having no funds provided for its payment, is a false token, does not arise. The counsel for the plaintiff in error waived the production of the books of the bank. The court
 
 *307
 
 thereupon properly held that the testimony of the book-keeper as to the contents of these books was competent, and this testimony, if true, was sufficient to show that at the time of the transaction there were no funds in the bank for the payment of this check, and that it was worthless, and that the plaintiff in error knew it. The counsel for the plaintiff in error requested the court to charge the jury, that the pretence must appear upon the indictment to be such as could not be guarded against by an exercise of common sagacity and prudence, or of ordinary caution. The exception to the refusal of the judge so to charge was not well taken. The sufficiency of the indictment was a question of law, to be determined by the court, with which the jury had nothing to do. It would have been error to submit any such question to the jury. The other exceptions taken upon the trial were not argued by the counsel. I have examined them, however, and find none of them well taken. The plaintiff in error, as appears from the case, had a fair trial, in which no rale of law was violated. His guilt was clearly proved, and he was in all respects rightly convicted. The judgment must be affirmed.
 

 All concur.
 

 Judgment affirmed.