### WILLIAM H. BARTON

#### *v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 26, 1890.*

1. CRIMINAL LAW — *obtaining goods under false pretenses — giving check without funds—of the indictment.* An indictment for obtaining goods under false pretenses, charged, in substance, that the defendant, by falsely representing to one P., the agent of the H. C. Staver Manufacturing Company, that he owned $175 in money, then on deposit with the Security Loan and Savings Bank, which would be paid by that bank on his order, induced said P. to accept an order drawn by him on that bank, in the words and figures following, namely: "Chicago, Ill., Feb. 4, 1889.—The Security Loan and Savings Bank, 127 LaSalle street, pay to the order of H. C. Staver Implement Co., $175, (one hundred and seventy-five dollars.)—W. H. B.,"—in payment for $175 for one buggy and two robes then negotiated to be sold to the defendant by said H. C. Staver Manufacturing Company, in the hands of said P. for the

purpose of being delivered on the defendant's making payment therefor, and to deliver said buggy and two robes to said defendant, as having been thereby paid for by the said defendant, when in truth and in fact defendant did not then and there have $175, or any other sum, on deposit with said bank, which would be paid by that bank on his order for the payment of $175, as defendant well knew: *Held*, upon motion to quash, that the count showed the statutory offense with sufficient certainty.

2. The fact that it was alleged, unnecessarily, in such count, that defendant represented that he would issue an order different from that set out, and that instead of doing as thus represented he issued the order in the count described, did not render the count subject to the objection that it charged the issue of two orders, while only one was shown to have nothing on deposit for its payment.

3. In such case, the gist of the offense charged against the defendant was his obtaining the possession of goods by falsely representing that he had money in the bank wherewith to pay an order drawn by him upon the bank for the amount due upon the goods, and delivering the order as such order, when in truth and in fact, as he well knew, he did not have the money in the bank as represented. Other allegations characterizing the order used as "a false token" or "a false writing," may be treated as surplusage.

4. SAME—*proof of ownership in person defrauded.* On the trial of one for obtaining possession of the goods of another by false pretenses, proof of the possession of the goods by the agent of the party defrauded, when his title is not disputed, is sufficient to prove the ownership of the goods.

5. SAME—*false representation—giving check when there were no funds to draw upon.* The promise of a purchaser of goods to pay cash for them upon delivery, coupled with a delivery of an order by the purchaser on a bank for the price, without explanation, is in effect a representation that he has the amount of money called for in the order upon deposit with the bank, which the bank will pay on presentation of the order.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Mr. C. STUART BEATTIE, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, Mr. JOEL M. LONGENECKER, State's Attorney, and Mr. EDWARD E. GRAY, Assistant State's Attorney, for the People.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error was convicted of obtaining goods under false pretenses. The indictment contained several counts, but since the conviction was under the second count, alone, no question arises in regard to the others.

One of the errors assigned is, that the court erred in overruling a motion to quash that count. Beyond question, the count is liable to criticism. Its statements are unnecessarily prolix, involved and obscure. Nevertheless, we think it is therein charged, in substance, and with sufficient certainty to meet the requirement of our statute in regard to indictments for statutory offenses, that plaintiff in error, by falsely representing to one Pape, the agent of the H. C. Staver Manufacturing Company, that he owned $175 in money, then on deposit with the Security Loan and Savings Bank, which would be paid by that bank on his own order, induced said Pape to accept an order drawn by him on that bank, for $175, in payment for one buggy and two robes then negotiated to be sold to the plaintiff in error by said H. C. Staver Manufacturing Company, and in the hands of said Pape for the purpose of being delivered to the plaintiff in error upon plaintiff in error making payment therefor, and to deliver said buggy and two robes to said plaintiff in error as having been thereby paid for by said plaintiff in error, when, in truth and in fact, plaintiff in error did not then have $175, or any other sum, on deposit with the said Security Loan and Savings Bank, which would be paid by that bank on his order for the payment of $175, as plaintiff in error well knew.

It is objected that two orders are described in the count as having been issued, and that it is only negatived that one of the orders was drawn against money on deposit whereby it could be paid. As we understand the allegations, this is a misapprehension. It is, we concede, alleged, but unneces-

sarily, that plaintiff in error represented that he would issue an order different from that set out *supra,* and that, instead of in fact doing as thus represented, he issued that order. There is no allegation that he actually issued an order as he represented he would.

It is also objected that the mere fact that plaintiff in error drew an order on a bank where he had neither credit nor money, is not, as the order here issued is characterized, "a false token" or "a false writing." But the *gist* of the offense here charged is the obtaining of the possession of the goods by the plaintiff in error by falsely representing that he had money in the bank wherewith to pay an order drawn by him upon the bank for the amount due upon the goods, and delivering the order copied *supra,* as such order, when, in truth and in fact, as he well knew, he did not have the money in the bank as represented. The other allegations as to the character of the order were superfluous. They neither add to nor detract from the material allegations, and are therefore to be disregarded because they are *surplusage.* See Crim. Code, div. 1, sec. 96, 1 Starr & Curtis, p. 781; *Smith* v. *The People,* 47 N. Y. 303.

It is contended that the evidence fails to show that the goods obtained were the property of the H. C. Staver Manufacturing Company, as alleged. We do not concur in this view. The evidence shows the negotiation of a sale of the property by an agent of the H. C. Staver Manufacturing Company to plaintiff in error, and the possession of the property by an agent of that company, to be delivered to plaintiff in error pursuant to such sale. Since possession alone tends to prove ownership, (1 Greenleaf on Evidence, sec. 34,) we think, in the absence of evidence raising any question of title as alleged, this was sufficient.

The final objection is, that the evidence does not sustain the verdict. The evidence shows, beyond controversy, that plaintiff in error negotiated with the agent of the H. C. Staver Man-

ufacturing Company for the purchase of the property described in the count, for cash, to be paid at the time of the delivery of the property; that he directed that the property should be sent to his place of business not earlier than four o'clock of the day on which the negotiation was had, representing that by that time he would obtain the money from the bank wherewith to make payment; that the property was sent by one Pape, an agent of the H. C. Staver Manufacturing Company, to plaintiff in error's place of business, at the hour indicated, to be delivered; that plaintiff in error then delivered to Pape, without any explanation, the order copied *supra*, which Pape accepted without examination and then delivered the property negotiated for to plaintiff in error, and that plaintiff in error had not money on deposit with the bank on which the order was drawn, or any arrangement with the bank by which the order would or should be paid, as he well knew. The promise to pay cash for the property upon delivery, coupled with the delivery of the order without explanation, was, in our opinion, in effect a representation that plaintiff in error had the amount of money called for by the order upon deposit with the bank, which the bank would pay to the manufacturing company upon presentation of the order. He was to make a cash payment, and he delivered the order as such payment, which necessarily assumed the ownership of that much money on deposit with the bank.

We are unable to say that the verdict was not warranted by the evidence, and the judgment must therefore be affirmed.

*Judgment affirmed.*