[No. 3576.]
FARRIS v. STRONG ET AL.

1. FRAUD—FALSE REPRESENTATIONS.
A false representation as to a matter of intention, not amounting to a matter of fact, although it may have influenced a party to a transaction, is not a fraud in law.

2. SAME.
Ordinarily, a false representation or concealment, to be fraudulent must have reference to a present or past state of things,—otherwise it will not be a ground for cancellation.

*Error to the District Court of El Paso County.*

THIS is an action brought by Samuel N. Farris, plaintiff in error, against F. H. Strong and Stewart McDougal, defendants in error, to procure a rescission of a certain contract and cancellation of a deed executed in pursuance thereof, upon the ground of fraud. The complaint, in substance, avers: That in the early part of October, 1894, plaintiff had an option to purchase the City View mine, located in Cripple Creek Mining district, El Paso county, Colorado, and

was then negotiating, and in effect had negotiated, a sale of the same to one Baxter, in such a way that he could retain for himself an undivided one fourth interest in the property as a profit; that the defendant Strong, learning of the pending negotiations, falsely represented to plaintiff that he could materially assist in said negotiations, and would furnish money to help carry out the deal, if necessary, to the amount of $1,000; and in the event the deal was made, he would loan plaintiff $500 for six months; that plaintiff, believing said representations to be true, was thereby induced to sign the following contract:

"CRIPPLE CREEK, Colo., 12th Oct., 1894.

" This agreement made and entered into between S. N. Farris of the first part and F. H. Strong, both of Cripple Creek, witnesseth that S. N. Farris and F. H. Strong have entered into a partnership deal to sell the City View mine on Gold Hill, each being an equal partner in the division of the profits —S. N. Farris furnishes the option on the mine which he got from Mr. Harlow & Hallack, and F. H. Strong furnishes the method of selling, and will also furnish money to help carry out the deal, one thousand dollars if necessary—which is to come back as the commission and the intention is to clear one quarter of the mine, that is, it is agreed we will sell only three quarters of the mine for seven thousand dollars, and we will retain one fourth interest in the mine, that is one eighth shall be for or to S. N. Farris for profit, and one eighth to or for F. H. Strong, for his profit in the deal—the present intention is to sell to O. H. P. Baxter of Pueblo and his friends, or to any other party or parties. Now if the deal is made as now laid out, F. H. Strong agrees to lend S. N. Farris on his one eighth of the City View mine five hundred dollars for six months at eight per cent per annum, and as fast as his share of the ore makes money it shall be applied to pay back this five hundred dollars.

"Signed:    S. N. FARRIS.
"F. H. STRONG."

Avers that the defendant Strong furnished no method to help carry out the deal, furnished no money therefor, rendered no assistance of any kind to plaintiff, but, nevertheless, at the completion of said sale, used said written agreement in such a manner as to obtain a conveyance from the owners of said City View lode of an undivided seven sixty-fourths and thereafter gave plaintiff a check for $500, dated October 19, 1894, upon the Bi-Metallic Bank of Cripple Creek, but that no money was ever deposited in said bank to meet said check; that the payment of same has ever since been refused by said bank, and by said defendant Strong.

Avers that Strong has conveyed the interest in the property to his codefendant Stewart McDougal; that said conveyance was made without consideration, and with full knowledge on the part of McDougal of the facts aforesaid.

Defendants answered, denying the allegations of the complaint, except the execution of the contract. The cause was tried to the court. A motion for judgment on the pleadings in favor of plaintiff was denied; an objection to the introduction of testimony under the complaint was sustained, and the action dismissed upon the ground that the complaint failed to state a cause of action. To this judgment the plaintiff prosecutes this writ of error.

Messrs. RHETT & JONES, for plaintiff in error.

Mr. J. H. MECHEM and Mr. F. M. JEFFERY, for defendant in error.

MR. JUSTICE GODDARD delivered the option of the court.

The gravamen of the charge in this complaint is that defendant Strong falsely and deceitfully represented that he would perform the acts and things that he agreed to do, for the purpose of deceiving plaintiff, and inducing him to enter into the contract of October 12th; and that such promises and representations were fraudulent in that they were made with the intention at the time not to fulfill them. In other

words, the theory of the case is that a promise to do a future act, if accompanied with an intention not to perform, constitutes an actionable fraud and will justify a court of equity in canceling the agreement procured thereby. This position is not tenable. It is well settled that to constitute an actionable fraud, the representation must not only be false, but must relate to a past or existing fact; and that fraud cannot be predicated upon a false representation as to a matter of intention, or upon an unfulfilled promise to perform an act, made with the intention not to perform, although such representation or promise influenced the complaining party to enter into the contract or transaction.

"As distinguished from the false representation of a fact, the false representation as to a matter of intention, not amounting to a matter of fact, though it may have influenced a transaction, is not a fraud at law." Kerr on Fraud and Mistake, 88. In Bigelow on Estoppel, 481, the rule is stated as follows:

"The representation or concealment must, also, in all ordinary cases, have reference to a present or past state of things; for if a party make a representation concerning something in the future, it must generally be a statement of intention or opinion, uncertain to the knowledge of both parties, or it will come to a contract, with the peculiar consequences of a contract." *Gage v. Lewis*, 68 Ill. 604; *Gallagher v. Brunel*, 6 Cowen, 346; *Long v. Woodman*, 58 Me. 49; *Fouty v. Fouty*, 34 Ind. 433; *Bethell v. Bethell*, 92 Ind. 318.

The representations constituting the fraud relied on in this case were all in reference to future performance; and although it is admitted that they were unfulfilled, and made with an intention on the part of Strong not to perform, whatever may be said of his conduct from a moral point of view, they do not, as we have seen, afford a ground for the relief sought; nor, upon the averments in this complaint can any other relief be granted. The judgment of the court below is therefore affirmed.

*Affirmed.*