[No. 7541.]

THE PEOPLE v. ORRIS.

CRIMINAL LAW—*False Pretenses*—To come within the statute (Rev. Stat. sec. 1849) the false representation .charged must relate to some fact past or present. An information charging the acquisition of a land by means of a false representation that a check drawn by the accused upon a bank in a distant city would be paid by the bank, where as in fact is was not paid, payment thereof being stopped by the accused—it not being alleged or pretended that the accused had not the amount of the check to his credit in the bank, but the contrary being conceded states no crime—(246-248).

*Error to Rio Grande District Court.*—HON. CHARLES C. HOLBROOK, Judge.

Mr. ALBERT L. MOSES, district attorney, for the people.

Mr. JESSE STEPHENSON, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The substance of the information filed in the district court of Rio Grande county was, that the defendant in error, John B. Orris, on the 15th of March, 1911, at said county of Rio Grande in the state of Colorado, did then and there feloniously, knowingly and designedly falsely pretend to one Edward S. Cox that a certain check

which he, the said John B. Orris, then and there made payable to him, the said Edward S. Cox, and delivered to The First National Bank of Monte Vista, Colorado, would be delivered to him, the said Cox, by The First National Bank of Monte Vista and paid by The Exchange National Bank of Colorado Springs, upon which bank it was drawn, and which check was in the words and figures following, to-wit:

"No. 154.

Colorado Springs, Colo., March 15, 19...

The Exchange National Bank of Colorado Springs, Colorado.

Pay to the order of E. S. Cox...........$250.00.

JOHN B. ORRIS."

that said false pretenses were then and there made by the said John B. Orris with the design and for the purpose of inducing the said Edward S. Cox to yield up and deliver the possession of a certain tract of land described as the W½ of the NW¼ of Sec. 2 and the NE¼ of Sec. 3, in Twp. 38 North of Range 7 East, etc., in Rio Grande county, Colorado, which said possession was then and there of the value of $250., and the said Edward S. Cox, relying upon and believing the said false pretenses to be true, and being deceived thereby, was then and there induced, by reason thereof, to yield up and deliver the possession of the said land, by which said false pretenses he, the said John B. Orris, then and there with intent to cheat and defraud the said Edward S. Cox, feloniously, fraudulently, designedly and knowingly did obtain from the said Edward S. Cox possession of the said land, which said possession was of the value of $250 of the personal property, goods and chattels of the said Edward S. Cox, whereas in truth and in fact the said check was not paid

by the said The Exchange National Bank of Colorado Springs, Colorado, and the payment thereof was stopped by him, the said John B. Orris, and the same was not of the value of $250, or any other sum whatever, all of which said false pretenses he, the said John B. Orris, at the time he so falsely pretended as aforesaid, well knew to be false, etc. The defendant moved to quash, alleging that the information did not charge the commission of a crime; this motion was sustained. The people bring the law question here for review upon error.

This information was attempted to be drawn under section 1849, Revised Statutes, 1908, which reads in part as follows:

"If any person or persons shall knowingly and designedly, by any false pretense or pretenses, obtain from any other person or persons any chose in action, money, goods, wares, chattels, effetcs or other valuable thing whatever, with intent to cheat or defraud any such person or persons of the same, every person so offending shall be deemed a cheat, and upon conviction, shall, where the property obtained is over the value of twenty dollars, be imprisoned in the penitentiary not to exceed ten years; and where the value of the property obtained is twenty dollars or less, be fined in any sum not exceeding one thousand dollars, or imprisoned in the county jail not to exceed six months, or both; * * *."

Assuming, without deciding, that the securing of possession of real estate would be covered by this section, the motion to quash was properly sustained. To come within the statute, a representation must be of some fact past or present. In Vol. 2, Bishop's New Criminal Law, section 415, it is said,

"A false pretence is such a fraudulent representation of an existing or past fact, by one who knows it not to be

true, as is adapted to induce the person to whom it is made to part with something of value."

This definition has heretofore received the sanction of this court.

In *Adams v. Schiffor*, 11 Colo. 15, it is said,

"A fraud must relate to facts then existing, or which had previously existed; hence non-performance of a promise made in the course of negotiations is not of itself either a fraud or the evidence of a fraud."

In the case of *Farris v. Strong*, 24 Colo. 107, it is said,

"It is well settled that to constitute an actionable fraud, the representation must not only be false, but must relate to a past or existing fact; and that fraud cannot be predicated upon a false representation as to a matter of intention, or upon an unfulfilled promise to perform an act, made with the intention not to perform, although such representation or promise influenced the complaining party to enter into the contract or transaction."

With these definitions in view, an examination of the information will disclose that it fails to state facts sufficient to bring it within them. It says that the defendant Orris told Cox that the check would be delivered to him; it is not alleged that this was not done, but if it did so state it is a promise to have something done in the future. The information also says that Orris told Cox that The Exchange National Bank of Colorado Springs would pay him this money on the check. There is no claim that he said he had paid him the money or was then in the act of doing it, but at some time in the future the bank would pay Cox the money. This refers to something to be done in the future. On the other hand, if, as some of the authorities hold, this is a statement to the effect that the defendant then had the money in the Colo-

rado Springs bank, as the giving of the check itself implies, it is conceded that this statement was true, and hence was in no sense a misrepresentation. But counsel for the people contend that there is no real difference between giving a check upon a bank in which one has no funds or credit, and the giving of a check with intent to stop payment, and thereby defeat its purpose. They say the gravamen of the offense in any case is obtaining property through a trick or device with a fraudulent purpose, and that the statute law was intended to cover those cases which did not come under the common law definition of cheat or of the giving of a false token. When construed most liberally in favor of the people it is questionable if the allegation upon this subject does not come under an intent to do something in the future; we are of opinion that it fails to charge a crime. In the case of *Farris v. Strong, supra,* upon this subject, at page 110, it is said:

"The representations constituting the fraud relied on in this case were all in reference to future performance; and although it is admitted that they were unfulfilled, and made with an intention on the part of Strong not to perform, whatever may be said of his conduct from a moral point of view, they do not, as we have seen, afford a ground for the relief sought; nor, upon the averments in this complaint can any other relief be granted."

We think this principle applicable here and that although in the future, the defendant may have intended to do something which would prevent the fulfillment of his contract, this, in effect, would be the same as though he had not intended to live up to his agreement (as to matters to be done in the future) when he entered into it, yet it does not thereby create a false representation as to a past or existing fact.

The case of *The People v. Wasservogle*, 77 Calif. 173, relied upon by the people is not in point. In that case the representation was that the defendant then had credit with a certain firm for the amount of the draft and that they would honor the draft, when he knew that he had no credit with the firm and that the draft would not be honored or paid. The information here does not allege that the defendant did not have the money in the Colorado Springs bank at the time he executed the check, or at any time thereafter, but to the contrary, it discloses that he did have, as shown by the allegation, that he stopped payment thereon.

In the case of *State v. Hammelsy*, 96 Pac. (Ore.) 865, the check was given upon a bank where the defendant had no funds and when he knew it was worthless. These facts are not applicable to this case.

In the case of *Barton v. The People*, 25 N. E. (Ill.) 776, the check was given upon a bank with the representation that he, the defendant, had the money therein to meet it; when in truth and in fact he did not, as he well knew, etc. The principle there announced is not applicable here.

The ruling of the trial court in sustaining the motion to quash is approved.                    *Approved.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.