[No. 1903.   April 7, 1917.]
## STATE v. TANNER.

1. A false pretense is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value.                    P. 495

2. The giving of a worthless check constitutes a representation that the drawer has credit with the drawee bank for the amount involved, and said representation relates to an existing fact, so that a prosecution for obtaining money by false pretenses may be maintained.                 P. 496

Appeal from district Court, Bernalillo County; H. W. Raynolds, Judge.

Joseph B. Tanner was indicted for obtaining cattle by false and fraudulent pretenses, his motion to quash the indictment was granted, and the State appeals. Judgment reversed, and cause remanded for trial.

F. W. Clancy, Attorney General for the State. John
Venable and R. P. Barnes, both of Albuquerque, for appel-
lee.

### STATEMENT OF FACTS.

The substance of the indictment returned against the
appellee in the district court of Bernalillo county is that
Joseph B. Tanner on the 15th day of June, 1912, did un-
lawfully, willfully, feloniously, falsely, fradulently, de-
signedly, by false and fradulent representations and pre-
tenses, by trick and deception, and by means of a check,
cheat and defraud one E. A. Miera, and obtain from him
certain cattle of the value of $5,405, which he had hereto-
fore agreed to sell to the said Tanner; that the said Miera
accepted the check in payment of the sum of $4,605 be-
cause the said Tanner represented and pretended to the
said Miera that the check was good for the amount named
in the check at the First National Bank of Farmington,
and that said bank would pay the check when presented to
it for payment; that the said Tanner had and intended to
have money on deposit at said bank to pay said check when
presented for payment; that these representations and pre-
tenses were then and there false and fraudulent, and that
the said Tanner knew they were false, and that the check
would not be paid when presented for payment; that after-
wards, on or about the 24th day of June, 1912, said check
was presented for payment at said bank and payment re-
fused for the reason that Tanner knew and intended that
payment would be refused at the time of making and de-
livering the check at said bank before it could or would
be presented for payment; that the said Tanner did not
intend to have, and knew that he would not have, money
in the bank to pay said check when presented for payment;
that the giving of the check, and the check itself, was, at
the time and place of the giving, a trick, deception, a false
and fraudulent representation, statement, and pretense,
and an instrument used and practiced by the said Tanner

to induce, and which did induce, the said Miera to part with the said cattle to the said Tanner; that the said Miera relied upon the representations, statements pretenses, and check as good and true, and parted with and delivered the said cattle to the said Tanner on the 15th day of June, 1912. The defendant, Tanner, moved to quash the indictment on the ground:

"That it does not state facts sufficient to constitute an offense against the laws of the state of New Mexico, or to charge this defendant with any crime or offense against said laws."

This motion to quash was granted by the trial court, from which judgment the state took an appeal.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). It does not appear under what section of the statutes of this state the indictment was drawn. There are three sections of the Code of 1915, which are applicable to the facts of the case, and under either of which it is contended by appellant the indictment is sufficient. The sections referred to are 1551, 1553, and 1560. It is not necessary for us to determine at this time under what section the indictment was drawn, as the only question presented for our consideration is the question of law, which, as stated in the brief of appellant, is:

"Whether or not the indictment alleges a false pretense as to an existing or past fact, or whether it merely alleges a false pretense as to a future fact or event.'"

[1] There is no controversy between the parties as to what constitutes a false pretense. As defined in Bishop's New Criminal Law, vol. 2, § 415:

"A false pretense is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value." 11 R. C. L. 831.

It is contended by appellee that the false and fradulent representations charged in the indictment are no more than

representations or pretenses that the check in question would be paid by the First National Bank of Farmington, N. M., when presented for payment and that he (Tanner) had and intended to have money on deposit in said bank to pay the check when presented, which amounted to no more than a promise as to a future happening or conditions, and therefore was not a false representation relating to a past or existing fact.

By appellant, on the other hand, it is contended that the defendant represented and pretended to the said Miera that the check was good for the amount therein named at the drawee bank; that the said drawee bank would pay the same when presented for payment, and that he, the said Tanner, had and intended to have money on deposit at said bank, out of which the said bank would pay the said check on presentation, whereas, in truth and in fact, the said check was not and would not be then and there good for the amount of money therein specified at the drawee bank, as the defendant then and there well knew; and whereas, in truth and in fact, the said check would not be paid by the drawee bank on the presentation thereof for payment, as the said defendant then and there well knew.

[2] The contention of either appellant or appellee is supported if we consider but a portion only of the indictment without regard to other allegations contained therein. A careful reading of the indictment discloses that it is charged that the defendant represented that he had money on deposit to meet the check, and equally clearly alleges that this representation was false, as the said Tanner then and there well knew. The indictment further charges that the check was not good for the amount of money specified at the drawee bank as the said Tanner well knew, and would not be paid on presentation, as he well knew. These allegations can clearly be denominated, allegations pertaining to present facts. From this point on the allegations of the indictment in a measure support the contention of

appellee because dealing with future facts, wherein it is alleged that said Tanner, at the time of making and de-livery of the said check, intended that the check should not be paid on presentation, and that he, the said Tanner, would stop payment on the said check at said drawee bank before it could or would be presented to it, and did not in-tent to have, and well knew that he would not have, money at the said bank applicable to the payment of the said check on its presentation for payment. Appellee cites the case of People of the State of Colorado v. John B. Orris, 52 Colo. 244, 121 Pac. 163, 41 L. R. A. (N. S.) 170, in support of his position, wherein it was held that:

"Securing property for a check which the maker repre-sents as good and will be paid when he in fact intends to stop payment upon it, does not render him guilty of obtaining property by false pretenses within a statute making pun-ishable any person who, by any false pretense, obtains from any other person any valuable thing with intent to cheat or defraud."

As pointed out in the case note to the foregoing case in L. R. A., it was conceded in the Colorado case that the drawer had money in the bank upon which the check was drawn; the sole question being whether the defendant's in-tention to stop payment on the check related to a past, pres-ent, or future fact. To that extent the Colorado case dif-fers from the case at bar as we have indicated, for the rea-son that in the indictment under consideration it is charged that Tanner represented that the check was good for the amount of money named at the First National Bank of Farmington; that the said Tanner had and intended to have money on deposit in said bank to pay the said check when presented; that these representations were then and there false and fraudulent as said Tanner knew, etc.

As pointed out in the same case note in L. R. A., it is generally held that the giving of a worthless check con-stitutes a representation that the drawer has credit with the drawee bank for the amount involved, and that said representation relates to an existing fact, so that a prose-

cution for obtaining money by false pretenses may be maintained. Smith. v. People, 47 N. Y. 303; 2 Wharton's Crim. Law, 1611; 11 R. C. L. 35.

We are not unmindful of the fact that some courts hold that a state of mind is a fact, and that therefore a false statement as to the intention of the accused is a false pretense as to an existing fact, while other courts have held that a representation as to an intention is not within the statute. See authorities collected in note in 19 Cyc. 397.

We are not called upon, however, to determine which of these two conflicting lines of authorities we will follow, as, in our opinion, all that has been charged in the indictment as to the intention of the defendant, Tanner, in the matter of stopping payment upon the check may be treated as surplusage, as the charging part of the indictment in the matter of the representations as to having money in the bank at the time the check was drawn, which he knew at the time to be a false representation, is a sufficient charging of present fact without regard to the matter of the intention of stopping payment.

We therefore conclude that the action of the trial court in sustaining the motion to quash was. erroneous, and that the judgment of that court must therefore be reversed, and the cause remanded for trial.

PARKER, J., concurs. ROBERTS, J., did not participate.