## COMMONWEALTH vs. ROBERT HARLEY.

Where two persons are jointly indicted for obtaining goods by false pretences made designedly and with intent to defraud, evidence that one of them, with the knowledge, approbation, concurrence and direction of the other, so made the false pretences charged, warrants the conviction of both.

And it is not necessary, in order to convict the defendants, in such case, to prove that they, or either of them, obtained the goods on their own account, or derived or expected to derive, personally, any pecuniary benefit therefrom.

An allegation in an indictment, that the defendant obtained goods of A., B. and C., partners in trade, by false pretences made to them, is supported by proof that the defendant made the alleged false pretences to their clerk and salesman, who communicated them to B., and that the goods were delivered to the defendant in consequence of those false pretences.

IT was alleged, in an indictment against Robert Harley and James Cameron, that they, on the 4th of November 1842, devising and intending by unlawful means to get into their hands and possession the goods, &c. of the citizens of the Commonwealth

and with intent to cheat and defraud George B. Blake, David Nevins and Edward A. R. Lyman, copartners in trade, under the firm of George B. Blake & Co., did designedly and falsely pretend and represent to said George B. Blake & Co. that they, said Harley and Cameron, were in the employment of one P. Harley, who was possessed of, and the rightful owner of, a stock of goods, which were then in a certain shop, and was solvent and in good credit; that they were authorized by said P. Harley to buy goods in the name of said P. Harley, and that said Robert Harley was authorized to give promissory notes for such goods, in behalf of said P. Harley; that said P. Harley was a man, and desired to buy goods on credit of said George B. Blake & Co. in the usual honest course of trade, with intent to pay for them, &c.; that said Blake, Nevins and Lyman, believing said pretences and representations to be true, and being deceived thereby, delivered to said Robert Harley and James Cameron, for said P. Harley, sundry goods of the value of $140·66; whereas in truth said P. Harley was not possessed of, and was not the rightful owner of, said stock of goods in said shop, but had, before that time, executed and delivered to said Robert Harley five mortgages on said stock, to secure payment to him of large sums of money; that said P. Harley was not a man, nor solvent, nor in good credit, but was a woman, named Philenia Harley, was insolvent, and did not desire to buy goods honestly on credit; that said Robert Harley and said Cameron did not wish to buy goods for her, honestly, &c.

At the trial in the municipal court, evidence was offered, in behalf of the Commonwealth, tending to prove that the false pretences, set forth in the indictment, were made by said Cameron, in the absence of said Robert Harley; and there was no evidence that said Robert, in person, ever made any of the said pretences to any member of the said firm of G. B. Blake & Co., or to any clerk or agent employed by them. But there was evidence tending to prove that the false pretences, made by said Cameron, as aforesaid, were made by him with the knowledge, approbation, concurrence and direction of said Robert Harley. Upon this evidence, the court instructed the jury, that if they

were satisfied that the said false pretences were in fact made bv said Cameron with the knowledge, approbation, concurrence and direction of said Robert, then said false pretences were, in substance and in contemplation of law, made by the defend- ants jointly, and the allegations in the indictment, on this point, as against said Robert, were sustained by the evidence. The court further instructed the jury, that it was not necessary for the government to prove that the said false pretences were the sole cause and exclusive means by which the goods mentioned in the indictment were obtained ; but if the jury were satisfied that without those pretences said goods would not have been de- livered, that was sufficient to sustain and prove the allegation in the indictment, that the goods were obtained by said false pretences.

There was evidence tending to prove that the goods, alleged in the indictment to have been obtained by said false pretences, were obtained for the use and benefit of said P. Harley, and not of the defendants. Upon this point, the court instructed the jury, that it was not necessary for the government to prove that the defendants, or either of them, obtained the goods on their own account, or that they, or either of them, derived or expected to de- rive, personally, any pecuniary benefit therefrom ; but that if the jury were satisfied that the defendants obtained the said goods by means of said false pretences, for the sole use and benefit of said P. Harley, this was sufficient to sustain the allegation in the indictment, that the defendants obtained the said goods by said false pretences.

There was also evidence tending to prove that the alleged false pretences were not made to the members of the firm of George B. Blake & Co or either of them personally, by the defendants, or either of them personally, but that they were made, in the shop of said firm, to one Cushman, their clerk and salesman, who com municated the same to David Nevins, one of said firm ; that said Nevins thereupon directed said Cushman to exercise his discre- tion, and sell said goods, if he thought best ; and that said Cush- man, moved thereunto partly by said false pretences, and partly by information obtained by him from other persons, to whom

reference was made by said Cameron, did sell and deliver said goods on a credit of sixty days. The court instructed the jury, on this point, that if these facts were proved by this evidence, it was sufficient to sustain the allegation in the indictment, that the said George B. Blake & Co. were induced by said false pretences to deliver said goods to the defendants.

The jury were unable to agree upon a verdict as to said Cameron, but found said Robert Harley guilty ; and he filed exceptions to the foregoing instructions.

*Goodrich,* for the defendant.

*S. D. Parker,* for the Commonwealth.

DEWEY, J. As to the first exception taken to the instructions given to the jury, at the trial, we think the principle stated in *Young & others* v. *The King,* 3 T. R. 98, referred to by the counsel for the defendant, sustains the ruling, rather than the objection to it. The argument for the plaintiffs in error there was, that the words could not have been spoken by all, and that one of them could not be affected by words spoken by another ; each being answerable for himself only. But it was held, that " if they all acted together, and shared in the same transaction," they committed the offence jointly. Grose, J. said, " every crime, which may be in its nature joint, may be so laid. · Here it is stated that all the defendants committed this offence, by all joining in the same plan ; they were all jointly concerned in defrauding the prosecutor of his money." Now it seems to us, that if two may be indicted for the words spoken by one in the presence of the other, it appearing that they came to act in concert, it establishes the position, that all which is necessary to cause the liability to attach to an individual of having participated in making the false pretences, is his coöperation and acting in concert in the general purpose ; and the concert and coöperation may be shown, although one said nothing by way of assenting to, or expressing his concurrence in the false pretences. If this be so, it seems necessarily to follow that if A. procures B. to go to C., and with a false pretence, of which A. is conusant, to obtain the goods of C., A. is guilty in the matter of obtaining these goods by false pretences ; and whether A. be outside or within

the door of the shop of C. is immaterial; all that is necessary to be proved is, that he is at the time acting in concert with B. and aiding in putting forth the false pretences, and that the precise false pretences and representations charged in the indictment be made with his knowledge, concurrence and direction. The instruction on this point was therefore correct.

The next instruction to the jury, which is objected to, was in these words : " It was not necessary for the government to prove that the defendants, or either of them, obtained the goods on their own account, or that they, or either of them, derived or expected to derive, personally, any pecuniary benefit therefrom ; but that if the jury were satisfied that the defendants obtained said goods by means of said false pretences, for the sole use and benefit of said P. Harley, this was sufficient to sustain the allegation in the indictment, that the defendants obtained said goods by said false pretences."

It is not contended by the defendant's counsel that it was necessary, in order to support the indictment, for the government to prove that the defendant intended any pecuniary gain or personal benefit. That the contrary is the true rule is very clear, and was fully conceded in the argument. But the ground assumed is that of a variance between the matter set forth in the indictment, and the proof showing that the goods were obtained for the sole use of P. Harley. I should doubt, from the report of the case, whether the question of variance was distinctly raised at the trial. The point seems rather to have been, whether a party charged with obtaining goods by false pretences must not be shown to have obtained them thus for his own use or pecuniary benefit. If however we look at the question as one of variance, we think the exception cannot prevail. The only allegation, which is supposed to conflict with the evidence that the goods were obtained for the use of P. Harley, is this; that the defendants, " devising and intending by unlawful means to get into their hands and possession," &c. But the evidence fully sustained the allegation. By means of these false pretences, the defendants did actually obtain and get into their hands and possession these goods ; and although they might have had a further

purpose of eventually delivering them to P. Harley for her sole use, that fact, if shown by the defendants, would not avail them to escape from this indictment.

The remaining exception was, that the false pretences were not, as shown by the evidence, made personally to either of the members of the firm of George B. Blake & Co., but to a clerk acting for them in their shop, and by him communicated to one of the firm. This objection was not much relied upon, and it cannot be sustained. It was directly overruled in the case of *Commonwealth* v. *Call*, 21 Pick. 515, where it was held that a false representation to an agent who communicates it to his principal, who is influenced by it, is a false pretence to the principal.

*Exceptions overruled.*