State *v.* Stanley.

STATE OF MAINE *vs.* ADONIRAM STANLEY.

*Indictment lies for fraud in exchanging horses.*

When one has knowingly, designedly and falsely asserted a horse to be sound, which he well knew was unsound, with the intent to deceive and defraud, and thereby induced the party aggrieved to exchange horses relying upon such false representations, and that party was thereby deceived and defrauded, an indictment for cheating by false pretences will be sustained against the person making such false representations.

ON EXCEPTIONS.

INDICTMENT for falsely representing an unsound horse to be sound, whereby the purchaser was defrauded.

The defendant demurred generally to the indictment and excepted to the overruling of his demurrer.

*A. Sanborn* for the respondent.

This was a mere warranty of soundness, for the breach of which an action lies; but it is not an indictable offence under R. S., c. 126, § 1.

*Jasper Hutchings,* county attorney, for the state.

It was a false representation as to the quality of the article sold; hence indictable. 2 Bishop Cr. Law, §§ 367, 369; *People* v. *Haynes,* 14 Wend., 546; *People* v. *Crissie,* 4 Denio, 525; *Reg.* v. *Heighley,* Dean & B., 145; 26 Eng. L. & Eq., 631; *Reg.* v. *Abbott,* 2 Carr. & Kir, 629; *Reg.* v. *Remick,* 48 Eng. Com. L., 48; *Com.* v. *Stone,* 4 Metc., 43.

APPLETON, C. J. This is an indictment for cheating one Sullivan by means of certain false pretences.

The allegations in the indictment are that the defendant, in an exchange of horses with one Sullivan, knowingly, designedly and falsely pretended that his (the respondent's) horse was a sound horse when in fact it was not; that said Sullivan believed said false pretence, and was thereby deceived and induced to exchange and deliver his horse to the respondent, and was thus defrauded.

The question is, whether or not the indictment sets forth a false pretence within R. S., c. 126, § 1.

The assertion of the soundness of his horse by the defendant is the assertion of a material fact. It is false. It was made to deceive and defraud. It accomplished its purpose. Thus much the demurrer admits. It is not readily perceived why this falsehood is not within the spirit, as well as the letter, of the statute.

In *State* v. *Mills*, 17 Maine, 211, the owner of a horse represented to another, that his horse, which he offered in exchange for the property of the other, was a horse known as "The Charley," when he knew that it was not the horse called by that name and by such representation obtained the property of the other person in exchange, it was held that the indictment was sustained, although the horse said to be the Charley was equal in value to the property received in exchange, and as good as the Charley. So the statement that the property is unencumbered, when the fact is otherwise, will sustain an indictment for cheating by false pretences notwithstanding there may have been a warranty, if the false pretence and not the warranty was the inducement which operated upon the party to make the exchange. *State* v. *Dorr*, 33 Maine, 498. In the *People* v. *Crissie*, 4 Denio, 525, an indictment alleging that the defendants falsely pretended to a third person that a drove of sheep which they offered to sell him were free of disease and foot-ail, and that a certain lameness, apparent in some of them, was owing to an accidental injury, by means of which they obtained a certain sum of money on the sale of said sheep to such person, with proper qualifying words and an averment negativing the facts represented, was held good under the statute against cheating by false pretences. In *Rex* v. *Jackson*, 3 Camp., 370, it was held to be an offence to obtain goods by giving a check on a banker with whom the drawer kept no cash. So the representation that a bank check was a good and genuine check and would be paid on presentation, when the drawer had no funds in the bank on which it is drawn, is a false pretence. *Smith* v. *People*, 47 N. Y., 303. So false representations as to

quantity may constitute a false pretence for which the person so falsely representing may be indicted, *Reg.* v. *Sherwood*, 40 E. C. L., 585. So by giving false samples, *Reg.* v. *Abbott*, 1 Den. C. C., 379. In *Reg.* v. *Kenrick*, 48 E. C. L., 49, the false pretence was that the horses were the property of a private person and not of a horse dealer, and that they were quiet and tractable, and Lord Denman, C. J., says, "The pretences were false, and the money was obtained by their means," and the indictment was sustained. In that case the purchaser wanted a quiet and tractable horse, in the one at bar a sound one was wanted. In that case as in the one at bar, the false representation was effective to defraud.

A false pretence may relate to quality, quantity, nature or other incident of the article offered for sale, whereby the purchaser relying on such false representation is defrauded. *Reg.* v. *Abbott*, 61 E. C. L., 629. A mere false affirmation or expression of an opinion will not render one liable. It must be the false assertion of a material fact with knowledge of its falsity. *Bishop* v. *Small*, 63 Maine 12; *Rex* v. *Reed*, 32 E. C. L., 904. No harm can happen to any one from abstinence in the making of false representations. When made, and material and effective for deception, no sufficient reason is perceived why the guilty party should escape punishment.    *Exceptions overruled.*
          *Indictment adjudged good.*

DICKERSON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.