HERBERT L. THOMPSON

*vs.*

PHŒNIX INSURANCE COMPANY, of New York.

Franklin. Opinion March 30, 1883.

*Insurance. Fraudulent representations. Fraud.*

In an action by the assured, alleging that he had sustained a loss by fire upon property insured to the amount of one thousand dollars, and was induced by the false representations of the company's agent, to the effect that the non-occupancy of the building insured, rendered the policy void, to settle and discharge his claim for two hundred and fifty dollars, and had thereby sustained a loss of seven hundred and fifty dollars. *Held:*

1. That if the declarations of the agent are regarded as statements of the law of insurance, they are not actionable, though false;

2. If it be said that the representation of an increased risk, by non-occupancy, rendering the policy void, was one of fact, and not of law, still it was only the expression of an opinion and does not sustain an action.

When the whole subject in fact rests upon the opinion of the parties and cannot reasonably be understood otherwise, false expressions on either hand do not generally constitute fraud in law.

ON EXCEPTIONS.

The writ was dated February 4, 1882, and contained the following declaration :

"In a plea of the case ; for that whereas on the seventeenth day of December, A. D. 1878, at Wilton, in said county of Franklin, one Vinal T. Thompson, then of said Wilton, now of Mt. Vernon, in the county of Kennebec and state of Maine, bargained with

the said Phœnix Insurance Company, to purchase of said company a policy of insurance against loss by fire, as follows, to wit: Four hundred and fifty dollars on his one story frame dwelling house and ell, situated in said Wilton, fifty dollars on his household furniture, wearing apparel, produce and provisions therein, fifty dollars on his woodshed attached, three hundred dollars on his barn and sheep shed, and one hundred and fifty dollars on his hay, grain, and farming implements, all in said Wilton, by which the defendant company agreed to insure said property against loss, or damage by fire, for the term of four years from the date of said policy, for, and in consideration of, a certain sum of money, then and there paid by said Vinal T. Thompson to said company therefor. And did then and there purchase such policy of insurance of said company for said sum of money paid as aforesaid. And afterwards, to wit, on the second day of March, A. D. 1880, said Vinal T. Thompson sold and conveyed said property, together with certain land on which said buildings stood, to the plaintiff, Herbert L. Thompson, and on the eighth day of June, A. D. 1880, said Vinal T. Thompson transferred and delivered said policy of insurance to the plaintiff. All of which said company then and there had due notice. By reason and in consideration of said transfer and delivery, said company became liable, and agreed to insure the above described property, against all loss or damage by fire, to him, the said plaintiff.

"And afterwards, on the sixth day of December, A. D. 1881, said house and all the other property, before described, were accidentally burned and destroyed by fire; of which fact the defendant company was notified according to law, and proper proof of said loss was duly made out and delivered to said company, which, thereby, became liable to pay the plaintiff the sums aforesaid on demand. Yet the said company, well knowing the premises, but intending to cheat and defraud the plaintiff out of the benefit of his said policy, and the money due him thereon, fraudulently and deceitfully represented to the plaintiff, that by reason of his not living in the house at the time of its being burned, he had so increased the risk, that the company was not bound to pay anything, that the policy was null and void, and of

no effect, use or benefit to the plaintiff. And by reason of said false, fraudulent and deceitful representations, the plaintiff was induced to believe, and did believe, that his said policy was null and void and of no value, and was thereby induced to take, and did take of said company, the sum of two hundred and fifty dollars, in full of all claims that he had against said company for said loss; though the sum to which the plaintiff was entitled on account of said loss was one thousand dollars; so that the plaintiff was thereby defrauded out of the sum of seven hundred and fifty dollars, by the false and fraudulent representations aforesaid.

"Also for that on the fourteenth day of December, A. D. 1881, at said Wilton, the said company was owing the plaintiff the sum of one thousand dollars, on a policy of insurance, number two hundred and forty, issued by said company on the buildings, and property of the plaintiff, situated in said Wilton, which buildings have been previously, to wit, on the sixth day of December, A. D. 1881, accidentally burned without any fault of the plaintiff; and afterwards, on the same day, the said company was notified of the said loss, and the proofs of said loss had been duly made out and delivered to said company, or its authorized agent. And the said company, intending to cheat and defraud the said plaintiff out of said money, did, by H. C. Eddy, its authorized agent, falsely, fraudulently and deceitfully represent, and did affirm to the plaintiff, that by reason of his not living in the house at the time of its being burned, had so increased the risk, that the company was not holden or bound in any way, and that his policy was null and void and of no value, and that nothing could be collected by the plaintiff thereon. By reason of said false, deceitful and fraudulent representations, the plaintiff was induced to believe, and did believe, that said policy was void and of no value to the plaintiff, and by reason thereof, was induced to take, and did take of said company the sum of two hundred and fifty dollars, in full discharge of his claim of one thousand dollars. Though the said company, then and there, well knew that the alleged facts for said representations did not render the said policy void or of no value."

The defendants filed a demurrer to this declaration, which was overruled, and the defendants alleged exceptions.

*E. O. Greenleaf*, for the plaintiff.

The defendants in this suit by demurring to the plaintiff's declaration admitted all matters of fact that were sufficiently pleaded. Stephen on Pl. 143 ; *State of Maine* v. *Peck*, 60 Maine, 501 ; *Lowell* v. *Morse*, 1 Met. 475. They admit that "the said company well knowing the premises, but intending to defraud and cheat the plaintiff out of the benefit of his said policy and the money due him thereon, fraudulently and deceitfully represented to the plaintiff, that by reason of his not living in the house at the time of its being burned, he had so increased the risk that the company was not bound to pay anything, that the policy was null and void and of no effect, use or benefit to the plaintiff," as alleged by the plaintiff. How then can the defendants now be permitted to rely upon the assertion that the representation upon which the plaintiff's action is based, was a mere matter of opinion. The rule that statements of opinion do not in law amount to a breach of duty is not a rule without exceptions. This rule is undoubtedly based upon the hypothesis that the opinion is honestly entertained, and in such situations, if the opinion be dishonestly expressed, the statement of it may afford a ground of redress. Such a situation may well be deemed to exist when the defendant, as an expert, puts forth to the plaintiff, in the form of opinion, that concerning which he has positive knowledge at variance with the opinion. *Pike* v. *Fay*, 101 Mass. 134 ; *Kost* v. *Bender*, 25 Mich. 515 ; and *Picard* v. *McCormick*, 11 Mich. 68.

The chief position behind which the defendants take refuge is that the representations of the company, though false, were of a matter of law for which they are not responsible. The representations made by the defendant company to the plaintiff, as admitted by them, was that he, the plaintiff, by not living in the house at the time of its being burned had so increased the risk, that the company was not bound to pay him anything. Now as to whether the plaintiff's not living in the house when it was

burned did increase the risk and danger of destruction of the house by fire, or did not, is clearly a question of fact to be determined by the jury from the evidence in the case, and not a question of law. *Newhall* v. *Union Mut. Fire Ins. Co.* 52 Maine, 184, and cases cited.

*Nathan and Henry B. Cleaves,* for the defendants, cited : *Fish* v. *Clelland,* 33 Ill. 238 ; *Star* v. *Bennett,* 5 Hill, 303 ; *Ætna Ins. Co.* v. *Reed,* 33 Ohio St. 283 ; *Foley* v. *Cowgill,* 5 Blackf. 18 ; *Gatling* v. *Newell,* 9 Ind. 572 ; *Saunders* v. *Hatterman,* 2 Ired. 32 ; *Salem India Rubber Co.* v. *Adams,* 23 Pick. 256 ; *Reel* v. *Ewing,* 4 Mo. App. 569 ; Kerr on Fraud and Mistake, 90 ; *Upton* v. *Tribilcoch,* 1 Otto, 45 ; 4 Jacob's Fisher's Digest, 5569, and cases cited ; *Mayhew* v. *Phœnix Ins. Co.* 23 Mich. 105.

SYMONDS, J.   On demurrer, to a declaration in case alleging that the defendants, by fraud, induced the plaintiff to cancel for two hundred and fifty dollars a policy of fire insurance for one thousand dollars, after the loss insured against had occurred.

The arguments upon the demurrer raise the single question, whether the representations made by the defendants to procure the settlement, admitting all that the declaration avers in this respect, were in the legal sense fraudulent, so as to support an action to recover the damages which the plaintiff sustained, by relying and acting upon them.

The first count of the declaration sets forth that the company, " well knowing the premises, but intending to cheat and defraud the plaintiff out of the benefit of his said policy, and the money due him thereon, fraudulently and deceitfully represented to the plaintiff, that by reason of his not living in the house at the time of its being burned, he had so increased the risk that the company was not bound to pay anything, that the policy was null and void and of no effect, benefit or use to the plaintiff." The second count charges, substantially, the same fraudulent representation on the part of the authorized agent of the company.

I. If these declarations of the agent of the insurance company are regarded as statements of the law of insurance, of the legal conditions on which the right of recovery in such cases depends,

they are not actionable, though false. The cases cited for the defendants are sufficient, if authority or argument were needed, to support the statement that under such circumstances a man has not a right to rely, except at his own peril, upon the representations of the avowed agent of the adverse interest, as to what the law will or will not do, or will or will not permit to be done. Common prudence and common sense would seem to be, in all ordinary cases, sufficient safeguards against frauds of that character; and the declaration does not aver exceptional circumstances to give the right of action in the present instance. Compare *Rashdall* v. *Ford*, L. R. 2 Eq. 750.

II. If it be said that the representation of an increased risk by non-occupancy, rendering the policy void, was one of fact, and not of law, still if it was only the expression of an opinion, it does not sustain the action, though the other facts alleged are conceded. Upon this branch of the case the question is, then, are the averments of the declaration such that the plaintiff has a right to go to the jury upon the claim that the false representation was made as a statement of fact, or is it a conclusion of law upon the demurrer that the declaration charges an expression of opinion only. In *Stubbs* v. *Johnson*, 127 Mass. 219, it is said: "It is often impossible to determine, as matter of law, whether a statement is a representation of a fact, which the defendant intended should be understood as true of his own knowledge, or an expression of opinion. That will depend upon the nature of the representation, the meaning of the language used, as applied to the subject matter, and as interpreted by the surrounding circumstances, in each case. The question is generally to be submitted to the jury." But as the language of the court implies, this is not always true. In *Belcher* v. *Costello*, 122 Mass. 189, it is said, as matter of law, that the representation that a man is good, financially, "taken by itself, is not the statement of a fact, but the expression of an opinion merely."

In the present case we think the latter alternative proposed, that the declaration alleges only an expression of opinion, is the true one. Whether in point of fact, in a particular case, the circumstances of which are equally in the knowledge of both

parties, the risk from fire was increased by non-occupancy of a building, or not, can be nothing more than a matter of judgment; and a representation in regard to it cannot reasonably be understood as having any more weight than that which attaches to the opinion of the man who makes the statement, It is true that, in the trial of a case, the question might be submitted to the jury as one of fact for them to determine, but a witness would not be asked the direct question, whether the risk was increased or not. It would be submitted to the judgment of the jury upon the facts of the case. So of the insurance agent, if he represented the risk as increased in that way, he might be stating his opinion falsely, and with intent to deceive, but the falsehood was in stating one opinion when he held another, not in putting a statement into the form of an opinion when he had positive knowledge to the contrary. If an opinion is untrue in this latter sense, it may be actionable, as in *Birdsey* v. *Butterfield*, 34 Wis. 52, where the plaintiff, selling cattle, expressed the opinion that they would weigh nine hundred pounds or more per head, when he had already weighed them and found that their average weight was considerably less. But where the whole subject, in fact, rests in the opinion of the parties, and cannot reasonably be understood otherwise, false expressions on either hand do not generally constitute fraud in law.

Our conclusion is, that whether the representations set forth in the declaration, be regarded as of law, or of fact, they are not sufficient to support the action. In either case they were expressions of opinion from the agents of a corporation whose interests were known to be directly hostile to the plaintiff, and as a prudent man he ought not to have relied upon them. The valuable opinions in *Ætna Ins. Co.* v. *Reed*, 33 Ohio St. 283, and *Mayhew* v. *Phœnix Ins. Co.* 23 Mich. 105, cited for the defendants, were rendered upon facts approaching more or less nearly to the facts of this case as set forth in the pleadings, and tend strongly to support the conclusion we have reached.

*Exceptions sustained.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.