STATE OF MAINE, By Indictment, *vs.* THEODORE KERR.

Cumberland. Opinion May 2, 1918.

*Cheating by false pretenses. Forgery at common law and forgery under the Statute. Necessary allegations in an indictment for obtaining money by false pretenses. What constitutes duplicity in criminal pleading.*

This case involved an indictment under the statute for cheating by false pretenses. To this indictment the defendant filed a demurrer which was overruled. To this ruling exceptions were taken by the defendant with the right to plead over, if the exceptions were overruled.

The statute under which this indictment is brought, R. S., Chap. 128, Sec. 1, reads as follows: "Whoever designedly and by false pretenses or privy or false token, and with intent to defraud, obtains from another . . . . his signature to any written instrument, the false making of which is a forgery, is guilty . . . . of cheating by false pretenses and shall be punished," etc. Under this statute it is necessary to allege: (1) that a written instrument was obtained; (2) that the signature of the maker was obtained by the defendant: (3) that it was designedly obtained by false pretenses; (4) with intent to defraud; (5) that the false pretenses deceived the maker; (6) that the instrument thus procured was an instrument the false making of which is a forgery.

Upon inspection, the indictment discloses legal averment of all these elements.

Indictment under R S., Chap. 128, Sec. 1. Upon being arraigned, respondent filed a general demurrer to the indictment which was joined in by attorney for State. The presiding Justice, ruling pro forma, overruled the demurrer giving to the respondent the right to plead over. To the ruling of the court, respondent filed exceptions. Exceptions overruled.

Case stated in opinion.

*Carroll L. Beedy*, for the State.

*William H. Murray, and Jacob H. Berman*, for respondent.

SITTING: CORNISH, C. J., SPEAR, KING, PHILBROOK, JJ.

SPEAR, J. This case involved an indictment under the statute for cheating by false pretenses. To this indictment the defendant filed demurrer which was overruled. To this ruling exceptions were taken by the defendant with the right to plead over, if the exceptions were overruled. The indictment, in part, reads as follows:

"The Grand Jurors for Said State upon their oath present that Theodore Kerr of Westbrook, in said County of Cumberland, on the twenty-fourth day of October, in the year of our Lord one thousand nine hundred and sixteen, at Windham, in said County of Cumberland, feloniously, designedly and by false pretense, and with intent to defraud, did falsely pretend to one Lars C. Klagenberg, for the purpose of obtaining the signature of said Lars C. Klagenberg to a certain written instrument, that said written instrument then and there delivered by the said Theodore Kerr to the said Lars C. Klagenberg was a note for three hundred dollars, which said amount of money Carl, then and there meaning Carl H. Klagenberg, son of the said Lars C. Klagenberg, had got and borrowed from him, the said Kerr, three years ago, and that the interest had been paid on it, and that if the said Lars C. Klagenberg refused to sign said written instrument he, the said Kerr, would take everything he, the said Klagenberg, had away from him, which said false pretenses were then and there believed to be true and were relied upon by the said Lars C. Klagenberg, and he was thereby deceived and induced to sign said written instrument, and did then and there sign and deliver said written instrument to the said Theodore Kerr whereby and solely by means of said false pretenses the said Theodore Kerr did then and there feloniously, designedly and by false pretense and with intent to

defraud, obtain the signature of said Lars C. Klagenberg to said written instrument, the false making of which said written instrument is forgery, whereas in truth and in fact said written instrument was not a note for the sum of three hundred dollars as aforesaid, but was then and there a written instrument purporting to be the authorizing of P. J. Larrabee, an attorney at law, to consent that judgment be entered against the said Lars C. Klagenberg and in favor of the said Theodore Kerr, in an action brought against said Lars C. Klagenberg by the said Theodore Kerr and then pending in said Superior Court for said County of Cumberland, said written instrument being of the following tenor:

Windham, Me., Oct. 24, 1916.

P. J. LARRABEE,
          Portland, Me.

DEAR SIR:—

In the matter of *Theodore Kerr* v. *Lars Klagenberg*, action entered at the Superior Court for Cumberland County, at the October Term, 1916, I hereby consent and agree to the following entry, viz:

*Judgment for Plaintiff.*"

The rest of the indictment, by way of inducement, avers that Klagenberg had no knowledge whatever that the suit had been brought against him by the defendant and was pending in the Superior Court, and that the defendant took and received the written instrument and caused it to be filed in the Superior Court and made it a part of the records of the court in the action which Kerr had brought against Klagenberg and thereby obtained a judgment, in his own favor, without the knowledge and consent of Klagenberg, for $347.02.

Under the demurrer the defendant attacks the sufficiency of the indictment in the following particulars: First, That the indictment is bad for duplicity. Second, That the indictment on its face does not set out the crime as alleged. Third, That the indictment does not follow the wording of the statute. Fourth, That the writing to which the state alleges the said respondent obtained the signature is not a subject of forgery. Fifth, That the writing as set out in the indictment does not contain the signatures of the persons whom the

state alleges the respondent procured to sign. These several objections will now be considered in connection with the allegations which an indictment in general for this offense should contain. Upon this matter the concensus of authorities may be found in 11 Ruling Case Law, Paragraph 39, Page 857; under the heading "Indictment" and the subdivision "In General." "An Indictment for obtaining property by false pretenses is sufficient if the language used is such that it designates the person charged and indicates to him the crime of which he is accused. It must, however, have that degree of certainty and precision which will fully inform the accused of the special character of the charge against which he is called on to defend, and will enable the court to determine whether the facts alleged on the face of the indictment are sufficient in the contemplation of law to constitute a crime so that the record may stand as a protection against further prosecution for the same alleged offense."

If we apply these general requirements of pleading to the allegations found in the above indictment, it will be seen that they come well within the rule. The language of the allegations fully informs the accused of the special character of the charge against him; shows that the facts alleged are sufficient in law to constitute a crime; and that the record of conviction, if found upon the facts alleged, will sustain a plea in bar. While the indictment may have more fully described the offense, defined by the statute, than is required, it promotes rather than obscures a full understanding of the charge. In addition to the above statement of what the indictment must contain in general, this same section goes on to state what must be alleged in detail. (1) "It must aver all the material elements of the offense, and hence must show what the false pretenses were." (2) "That they were made or authorized by the defendant." (3) "That they were false and fraudulent." (4) "That they deceived the prosecutor." (5) "What was obtained by and under them." Upon inspection the indictment will be found to contain all these particulars.

The indictment must, however, not only fulfill these general and particular essentials of pleading, but also the requirements of the statute under which this indictment is brought, R. S., Chap, 128, Sec. 1, which reads as follows: "Whoever designedly and by false pretenses or privy or false token, and with intent to defraud, obtains from another . . . . his signature to any written instrument,

the false making of which is a forgery, is guilty. . . . . of cheating by false pretenses and shall be punished," etc. Under this statute it is necessary to allege: (1) that a written instrument was obtained; (2) that the signature ·of the maker was obtained by the defendant; (3) that it was designedly obtained by false pretenses; (4) with intent to defraud; (5) that the false pretenses deceived the maker; ∶(6) that the instrument thus procured was an instrument the false making of which is a forgery. Again, upon inspection, the indictment discloses an averment of all these elements. From aught that appears, this indictment conforms both to the general and specific rules of pleading and meets the requirements of the statute.

But granting this, the defendant, by demurrer says, that the indictment is bad for not stating the requirements in a legal way. First, he says the indictment is bad for duplicity. In argument he claims that, after setting forth what the state intends to prove, the indictment then goes further and alleges that "said Theodore Kerr then and there took and received the said written instrument, etc., and thereby obtained judgment in his own favor in said Superior Court, fraudulently, etc., for the sum of $347.02. It is claimed that this language charged the respondent with the common law crime of falsely and fraudulently obtaining judgment against the prosecutor in the Superior Court, etc. This contention cannot prevail. The statement of the use made of the writing was proper matter of inducement descriptive of the fraudulent intent with which the instrument was obtained. The offense charged is cheating by false pretenses, accomplished in a manner defined by statute; but the gravamen of the offense, as defined, is the false procuring of a signature to a written instrument. Accordingly, we find no allegation in the indictment setting out any offense in the use made of the instrument. But, in order to constitute duplicity, a second offense must be sufficiently averred; otherwise the description will be rejected as surplusage. Wharton's Criminal Pld. and Pr., 8 ed. par. 243, and cases cited. *State* v. *Haskell,* 76 Maine, 399.

The second objection "that the indictment does not set out the crime alleged" is based upon the argument that the indictment avers that the instrument, the false making of which is a forgery, was an authorization of one P. J. Larrabee, attorney at law, to consent that judgment be entered against Klagenberg, but does not aver that he was attorney of Klagenberg. We need not further note the reasons

for this argument for the reference to the name of P. J. Larrabee in this indictment in no way affects its validity. The reference to Larrabee's name describes the method employed by the respondent to accomplish his purpose. The indictment alleges it was an instrument purporting to authorize Larrabee to consent to a judgment. But the name through whom the defendant undertook to operate is immaterial. The name was merely a deceit,—one link in the chain of the fraud. The instrument had to be directed to some name, for it was necessary to deceive the court as well as the intended victim. It was the procurement of the fraudulent instrument, regardless of its form, and the alleged use which the defendant intended to make of it, and did make of it, which are material in averring the offense, not to whom it was directed. Was the instrument in its entirety, a forgery, if falsely made and its use a fraud, is the question involved. This objection is without merit.

The third objection is, that the indictment does not set out the offense charged in the language of the statute. This is not necessary. The reading of the indictment shows that the language is equivalent to that of the statute, which is all that is required. It is further claimed under this head that the indictment does not conclude with the words "by reason whereof the said respondent is deemed to be guilty of cheating by false pretenses." The indictment, however, does conclude with the words "contrary to the form of the statute in such case made and provided," which is the usual formula, used to indicate that the offense charged is in violation of the statute.

The fourth objection is based upon the theory that the instrument, the signature to which is alleged to have been procured in the manner described, is not a subject of forgery. In support of this argument the defendant refers only to "forgery" as defined by the statute, R. S., Chap. 123, Sec. 1. But the statute under which this indictment is drawn, making the procurement of a signature to an instrument, "the false making of which," in the language of the statute, "is a forgery," does not limit the meaning of the word "forgery" to the definition of the statute. It was held in State v. Kimball, 50 Maine, 400, that our statute in relation to forgery and counterfeiting does not repeal the common law. Forgery at common law was early defined by our court in State v. Frye, 26 Maine, page 316; "The definition of forgery at common law, is the fraudulent making or alteration of a writing to the prejudice of another man's rights."

The written instrument set out in the indictment, procured and to be used as therein alleged, clearly comes within the definition of the common law. To procure a judgment against a party in an action, pending in court, of which he has had no notice, by means of a fraudulent writing ˙directing such judgment, would seem to the ordinary mind to be somewhat prejudicial to the rights of the man thus deceived. But if there is any doubt in regard to the interpretation of the word, as to whether forgery by common law or statute, is meant, we have no question, that the definition of forgery in the statute is sufficiently broad to embrace the written instrument set out in this indictment. Sec. 1, of Chap. 123 defines forgery as follows: "Whoever with intent to defraud, falsely makes, alters, forges or counterfeits any public record or proceeding filed or entered in any court. .. . . . . shall be punished", etc. Condensed, this statute reads: "Whoever with intent to defraud forges any proceeding filed or entered in court is guilty." The only question is, whether this ˙written instrument, described in the indictment, when entered and acted upon in court, comes within the definition of "a proceeding filed or entered in court." The language of the statute using the words, "any public record or proceeding filed" differentiates between "a public record" and "a proceeding," and shows that the word "proceeding" should be used in its broadest sense.

In Words and Phrases, Vol. 6, page 5632, under the heading "Proceedings" and subdivision "All Matters and Steps", we find this definition: From a New York case: "The term 'proceeding' in its more general sense in law means all steps or measures adopted in the prosecution and defense of an action." From a Nebraska case: "The word 'proceeding' is applicable to every step taken by a suitor to obtain the interposition or action of a court " From a Minnesota ˙case, and from many other cases, it is said: "In its most comprehensive sense the term 'proceeding' includes every step taken in a civil action, except pleadings." It is therefore evident that an order purporting to direct an attorney or anyone else to make an entry, which authorizes the court to order a judgment, is, when filed and acted upon, a proceeding in court. The indictment in this case alleges that the defendant did file the instrument set out and that the court acted upon it. Hence it appears that within the definition of the statute, this instrument was one, the false making of which is a forgery.

The fifth objection is based upon the contention that the instrument should have been inserted in the indictment with the signature attached, and that a failure to set out the entire instrument, including the signature, vitiates the indictment. But the instrument here described is not a forgery. The statute not only does not so regard it, but on the other hand, expressly provides that the signature must be genuine. The instrument has no element of forgery, except that its contents must define an offense analogous to that of forgery. Accordingly the name or signature is not in issue, and need not be set out as a part of the instrument falsely obtained. *Commonwealth* v. *Coe*, 115 Mass., at page 500. It is the manner of obtaining the signature, and the contents of the instrument, that are material under the statute, which are declared by the statute to constitute, not forgery, but "cheating by false pretenses." It may be also said regarding this contention that a rule should neither be promulgated nor adopted, the effect of which is to negative the plain import of the English language and thereby permit criminals to go unwhipped of justice.

*Exceptions overruled.*