STATE OF MAINE
*vs.*
FRED OSBORNE

Aroostook.   Opinion, November 2, 1959.

*Ferris A. Freme*, for plaintiff.

*Bishop & Stevens*, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.   In this case the respondent seeks to test by demurrer the wording of a criminal complaint. The issue is raised by exceptions to the overruling of the demurrer by the justice below. The pertinent portion of the complaint reads as follows:

"Theodore Grindle of Fort Fairfield in the said County of Aroostook, on the 15th day of September, A. D. 1958 in behalf of said State, on oath complains that Fred Osborne of Fort Fairfield, in the County of Aroostook and State of Maine, on the 9th day of September, A.D. 1958, at Fort Fairfield, in the County of Aroostook and State of Maine, did operate a motor vehicle, to wit, a pickup truck, upon a public way, to wit, Houlton Road, Route 1#A, in said Fort Fairfield, *while under the*

*influence of intoxicating liquor, . . ."* (Emphasis supplied.)

The respondent contends that the use of the italicized adverbial phrase renders the complaint so uncertain and unprecise as not to inform him adequately of the nature and cause of the accusation. His argument is that the complaint is fatally defective in not employing these words or their equivalent: "while he, the said Fred Osborne, was then and there under the influence of intoxicating liquor." We see no merit whatever in the respondent's contention.

This complaint must be read in the spirit described by the court in *State* v. *LaFlamme,* 116 Me. 41 at 43 wherein it is stated:

> "That rule is this, that if the meaning of an indictment is clear so that the accused is thereby informed of the precise charge which he is called upon to meet, verbal inaccuracies, grammatical, clerical or orthographical errors, which are explained and corrected by necessary intendment from other parts of the indictment, are not fatal.
>
> * * * 'Before an objection, because of false grammar, incorrect spelling or mere clerical errors, is established, the court should be satisfied of the tendency of the error to mislead or to leave in doubt as to the meaning, a person of common understanding, reading not for the purpose of finding defects but to ascertain what is intended to be charged.' *Grant* v. *State,* 55 Ala. 201. In other words there is no reason why the judicial eye should be blind to what the personal eye sees with distinctness."

Does this complaint have any tendency to mislead a respondent who is not merely hunting for technical niceties but has a real purpose "to ascertain what is intended to be charged?" Obviously not.

The word "while" as here used clearly means "at the same time that" and the phrase it introduces modifies the

verb "operate." It is transparently obvious that the meaning to be conveyed is that at the time the respondent operated the motor vehicle, something or somebody, already referred to in the narrative portion of the complaint, was under the influence of intoxicating liquor. Eliminating ridiculous and frivolous possibilities as to the identity of this "something or somebody" it is immediately apparent to a "person of common understanding" that the intended reference is to the named respondent. In short, the complaint as written conveys exactly the same meaning to the ordinary reader as it would have done if the adverbial phrase had merely been transposed to another location and the complaint had read, in part: "* * * that Fred Osborne of Fort Fairfield, in the County of Aroostook and State of Maine, on the 9th day of September A.D. 1958, while under the influence of intoxicating liquor, at Fort Fairfield, in the County of Aroostook and State of Maine, did operate a motor vehicle, to wit, a pickup truck, upon a public way, to wit, Houlton Road, Route 1#A, in said Fort Fairfield * * *."

Whether this demurrer was seriously intended to do more than to delay a trial upon the merits, we cannot say. In any event it was properly overruled.

*Exceptions overruled.*