STATE OF MAINE

*vs.*

(3811)   CLEMENT H. DESCHAMBAULT

York.   Opinion, May 17, 1963.

*John J. Harvey, County Attorney,* for Plaintiff.

*Charles W. Smith,* for Defendant.

SITTING: WILLIAMSON, C. J., SULLIVAN, SIDDALL, JJ. WEBBER and TAPLEY, JJ., dissenting. DUBORD, J., sat at argument, but retired before rendition of decision.

WILLIAMSON, C. J.    This indictment for cheating by false pretenses brought under R. S., c. 133, § 11, is before us on exceptions to the overruling of defendant's demurrer. The indictment reads in part:

### Alleged False Pretense

" . . . that Clement H. Deschambault . . . designedly, by false token and with intent to defraud, . . . in his official capacity as Mayor of the City of Biddeford, Maine, did pretend that he was authorized by the City of Biddeford, Maine, to purchase for and receive articles of merchandise on behalf of the City of Biddeford, Maine; and, on said seventeenth day of October, 1961, the said Clement H. Deschambault, with intent to defraud, did falsely pretend to one Philip Sanborn, President and General Manager of the Saco Brick Company, a corporation duly created and existing under the laws of the State of Maine, for the purpose of inducing the Saco Brick Company, by Philip Sanborn, its President and General Manager, to sell and deliver three hundred forty-three feet of eight inch transite pipe of the value of six hundred and seven dollars and twenty-three cents to the City of Biddeford, Maine, for use thereof

by the City of Biddeford, Maine, in Bernard Avenue, so-called, in said City of Biddeford, Maine, he, the said Clement H. Deschambault representing to the said Philip Sanborn that as Mayor of said City of Biddeford, Maine, he, the said Clement H. Deschambault, was authorized to make such purchase of the transite pipe, as aforesaid, and would see to it that the Saco Brick Company would be paid therefor by the City of Biddeford, Maine; which said false pretenses were believed to be true and were relied upon by the said Philip Sanborn, President and General Manager of the Saco Brick Company, duly authorized; . . ."

### Negating Clause

" . . . whereas in truth and in fact the said Clement H. Deschambault was not authorized in his official capacity as Mayor of the City of Biddeford, Maine, to enter into an agreement with the Saco Brick Company, by its President and General Manager, Philip Sanborn, for the purchase of three hundred forty-three feet of eight inch transite pipe and to receive the same for use in behalf of the City of Biddeford, Maine, whatsoever, all of which the said Clement H. Deschambault, then and there, well knew, . . ."

The pertinent part of the statute reads:

"Whoever, designedly and by any false pretense or privy or false token and with intent to defraud, obtains from another any money, goods or other property, . . . with intent to defraud, . . . is guilty of cheating by false pretenses and shall be punished. . ." (R. S., c. 133, § 11.)

In approaching the discussion of the sufficiency of the indictment, we have in mind the general rules stated below. "All the authorities upon criminal pleading agree that the want of a direct and positive allegation, in the description of the substance, nature or manner of the offense, cannot be supplied by any intendment, argument or implication

whatever. *Com.* v. *Shaw,* 7 Met. c. 57. The charge must be laid positively, and not informally or by way of recital merely. 1 Archib. Crim. Pr. & Pl. 87. 2 Hawk. c. 25, § 60. See *Morse* v. *Shaw,* 124 Mass. 59." *State* v. *Paul,* 69 Me. 215, 217.

> "**Generally.**—In conformity with rules relative to indictments and informations generally, an indictment for obtaining property by false pretenses is sufficient if the language used is such that it designates the person charged and indicates to him the crime of which he is accused. An indictment is not invalidated by the fact that it charges the several acts constituting the offense to have been committed by the defendant in some particular capacity. Such an allegation may be treated as surplusage. An indictment for false pretenses must, however, have that degree of certainty and precision which will fully inform the accused of the special character of the charge against which he is called on to defend and will enable the court to determine whether the facts alleged on the face of the indictment are sufficient in the contemplation of law to constitute a crime, so that the record may stand as a protection against further prosecution for the same alleged offense." 22 Am. Jur., *False Pretenses,* § 90.

Our court in *State* v. *Kerr,* 117 Me. 254, 103 A. 585, approved the general rule above stated then found in substantially the same language in Ruling Case Law. *State* v. *Ward,* 156 Me. 59, 158 A. (2nd) 869; *State* v. *Small,* 156 Me. 10, 157 A. (2nd) 874; *State* v. *Osborne,* 155 Me. 391, 156 A. (2nd) 390; *State* v. *Strout,* 132 Me. 134, 167 A. 859.

The pretense must relate to an existing fact or a past event. Indeed, a past event is an existing fact — D-Day in 1944 is a fact today. *State* v. *Albee,* 152 Me. 425, 132 A. (2nd) 559; *State* v. *Paul,* 69 Me. 215; *State* v. *Stanley,* 64 Me. 157; *Commonwealth* v. *Drew,* 19 Pick. 179; 35 C. J. S., *False Pretenses,* §§ 6, 8; 3 Underhill's Criminal Evidence,

§ 790 (5th ed.); 22 Am. Jur., *False Pretenses*, § 15; 2 Wharton's Criminal Law, § 1439 (12th ed.); Bishop on Criminal Law, § 415 (6th ed.).

We are not concerned with the 1961 amendment bringing promises within the cheating by false pretenses statute. R. S., c. 133, § 11, as amended Laws 1961, c. 40. That portion of the pretense wherein the defendant "would see to it that the Saco Brick Company would be paid therefor by the City of Biddeford," is promissory in nature and looks toward the future. In the absence of an allegation that the defendant did not intend that the city should pay, the promise does not come within the amendment.

The mayor is charged in substance with saying, "I have authority to purchase certain material for the city," when in fact he had no such authority. The defendant urges that the misstatement of authority by the defendant was a misrepresentation of law and not a false pretense of existing fact. He relies heavily upon *State* v. *Vallee*, 136 Me. 432, 12 A. (2nd) 421, in which the court said, at pp. 444, 446:

> "The third indictment against the respondent is for cheating by false pretenses. It is drawn under R. S. Chapter 138, Sec. 1 [now R. S. c. 133, § 11]. So far as it is necessary to consider the allegations of the indictment, it, in effect, charges that for the purpose of inducing Alfred St. Pierre, an employee of the County of Androscoggin, to pay him the sum of $5, the respondent, falsely pretending that in his capacity as a County Commissioner, he had the 'individual right and authority to release the said Alfred St. Pierre from his contract of employment for the County of Androscoggin', and thereby St. Pierre was deceived and induced to pay said sum to retain his job."

> \* \* \* \* \* \* \* \* \*

> "The indictment contains no allegation that the County Commissioners had undertaken to delegate to the respondent the right and authority to

determine, according to his own judgment, whether the employment of St. Pierre should be continued or terminated. The averment is simply 'that he *had* the individual right and authority to release the said Alfred St. Pierre.' The respondent is entitled to know, not by implication or intendment, but by direct averment, whether he is accused of misrepresenting the law or of misstating a fact. As set out in the indictment, it is limited to a misstatement of the law.

"The indictment for cheating by false pretenses is held to be insufficient."

In *Thompson* v. *Phoenix Insurance Co.*, 75 Me. 55, relied upon in *Vallee*, the court held that a statement of the extent of coverage of a policy was a statement of law, or if not of law, then of opinion. In either event, it was not a fact on which to ground deceit. The *Thompson* case does not, it will be noted, touch directly on our question relating to a pretense of authority.

The rule is clearly settled that one who enters into a contract with a municipal officer does so at peril of the officer's authority. *Portland Tractor Co., Inc.* v. *Inhabitants of Anson*, 134 Me. 329, 186 A. 883, and cases cited. It does not follow, however, that a municipal officer, as here allegedly the mayor, may with impunity deceive others as to the extent of authority granted to him by the municipality. The one allegedly cheated may have relied on the statement of the officer that he was so authorized as a statement of fact. In our view a pretense or representation of authority may well be a pretense or representation of fact. 2 Bishop on Criminal Law (6th ed.), § 441; 35 C. J. S., *False Pretenses*, § 12. We are convinced that there should be no different rule with reference to public officers. We are not disposed to follow *Vallee* insofar as it holds otherwise.

The defendant contends that since the charge is that the city and not the defendant obtained the material, the in-

dictment does not state the offense. The test is not, however, that the defendant obtained the property from which the one cheated was induced to part by the false representation. It is sufficient if the property is delivered to some one other than the one cheated, whoever may be benefited thereby. *Commonwealth* v. *Langley*, 169 Mass. 89, 47 N. E. 511; *Commonwealth* v. *Harley*, 7 Met. 462; 25 C. J., *False Pretenses*, § 34; 35 C. J. S., *False Pretenses*, § 25.

The sufficiency of the indictment is the only issue before us. Indeed, we have been called upon only to consider the sufficiency of certain portions of the indictment. We have no concern whatsoever with guilt or innocence.

Does the indictment state a charge of cheating by false pretenses clearly to the end that the defendant may defend himself and may plead judgment thereon in a future prosecution for the same offense? We answer in the affirmative. The indictment is sufficient in law.

The entry will be

*Exceptions overruled.*

WEBBER, J. (DISSENTING)

I cannot agree with the result reached by the court. In *State* v. *Vallee*, 136 Me. 432, 444, the allegation of the pretense was simply that the respondent "had the individual right and authority to release." The court found this allegation insufficient and defective because it failed to indicate directly whether the pretended right and authority arose as a matter of law or as the result of a vote of the county commissioners. The court said at page 446:

"The respondent is entitled to know, not by implication or intendment, but by direct averment,

whether he is accused of misrepresenting the law or of misstating a fact."

If no more than an opinion as to a matter of law is expressed, no crime is committed.

The issue in the instant case is whether or not the allegation of pretense meets the test thus imposed. The indictment charges in part that the respondent "in his official capacity as Mayor of the City of Biddeford, Maine, did pretend that he was authorized by the City of Biddeford, Maine, to purchase," and again that the respondent "as Mayor of said City of Biddeford, Maine, * * * was authorized to make such purchase." While the first quoted portion in its use of the words "was authorized by the City of Biddeford" tends to suggest a vote and delegation of authority and thus a matter of fact, the second quoted portion tends with equal force to suggest that the authority is vested in the Mayor by virtue of his office and thus to assert a matter of law. The allegation of pretense *in toto* therefore fails to inform the respondent by direct averment and with that clarity which is required by *Vallee*. I am persuaded that *Vallee* does no more than to impose reasonable requirements designed to protect a respondent in making his defense and asserting a claim of double jeopardy in event of a later prosecution. I see no occasion for overruling *Vallee* and would sustain the demurrer.

Tapley, J., joins in this dissent.