Leonard G. **ELLIS**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

April 26, 1971.

Eames & Eames by Donald E. Eames, Skowhegan, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE and POMEROY, JJ.

POMEROY, Justice.

This case is before us on appeal by the State from a judgment in favor of the Petitioner, Ellis, on his writ of habeas corpus (post-conviction).

The Single Justice, before whom the post-conviction habeas corpus proceedings were held, found all four indictments, to which the Petitioner had entered guilty pleas and on which he had been sentenced and committed, were insufficient as a matter of law.

All four indictments were couched in language not different one from the other save for the name of the person allegedly cheated by the delivery of a worthless check and the amount of money gained therefrom.

All four lacked allegation that the person to whom the false representation was made acted in reliance upon the represen-

tation. Each also failed to describe the alleged false pretense.[1]

Four violations of 17 M.R.S.A. § 1601 are alleged.

The single issue raised by the appeal appears to be: Are these four indictments attempting to charge cheating by false pretenses, 17 M.R.S.A. § 1601, legally sufficient for such purpose?

In State v. Philbrick, 31 Me. 401 (1850), this Court said:

"The indictment should allege all material facts necessary to be proved to procure a conviction."

■ This statement of the law continues to be true.

The statutes describing the crime of cheating by false pretenses (now 17 M.R.S.A. § 1601) have remained substantially unchanged at least since 1850.

State v. Philbrick, supra, and State v. Kerr, 117 Me. 254, 103 A. 585, both stand as authority for the conclusion that to prove a violation of the statute prohibiting cheating by false pretenses, it must be shown the person cheated was induced to part with something of value *by reason of* the false representation and such person acted *in reliance* thereon.

■ Reliance of the person defrauded upon the false representation is, therefore, an *essential* element of the crime described in 17 M.R.S.A. § 1601.

In State v. Deschambault, 159 Me. 216, 191 A.2d 114, this Court said:

"All the authorities upon criminal pleading agree that the want of a direct and positive allegation, in the description of the substance, nature or manner of the offense, cannot be supplied by any intendment, argument or implication whatever."

This case was decided in 1963.

Our Rules of Criminal Procedure became effective December 1, 1965.

In Logan v. State, Me., 263 A.2d 266, decided in 1970, this Court adopted a rule modifying the strict common law rule of positiveness of allegation. We said, such modification was dictated by the adoption of our Maine Rules of Criminal Procedure.

In its place we adopted the more flexible rule that the necessary elements of the crime could be charged in the indictment either by positive factual allegations or by *necessary* intendment, arising from the words used.

We pointed out that all that is required is that an accused be informed in the in-

---

1. One indictment, representative of the four, reads in full as follows:

That on or about the seventeenth day of December, 1969, in the Town of Madison, County of Somerset, and State of Maine, the above named defendant, Leonard D. Ellis, feloniously, designedly, and with intent to defraud, did falsely pretend to one Dwight Merrill, the owner of Davis & Miller Store, for the purpose of inducing the said Dwight Merrill to cash a check for him and to obtain money from Dwight Merrill and did deliver to said Dwight Merrill a written instrument purporting to be a bank check for the sum of One Hundred Dollars ($100.00) and did receive cash for said bank check from said Dwight Merrill when he the said Leonard D. Ellis did not have sufficient money on deposit with the drawee bank for payment of the check and said Leonard D. Ellis had knowledge that he did not have sufficient funds in the bank to pay said check, a copy of said check is attached hereto and made a part hereof.

No. 52–116

112

SKOWHEGAN, MAINE  12/17  1969

Pay to
The Order of _____ Cash _____ $100.00

One Hundred Dollars no/100 _____ DOLLARS

FEDERAL TRUST COMPANY
SKOWHEGAN, MAINE  L. G. Ellis

01120116  0000010000

A True Bill.

Dated 1/6/70  Richard M. Auzele

Foreman

**440**

dictment with that reasonable degree of fullness which would enable him to meet the exact charge against him.

If the allegations, we said, in their totality, supplied all the necessary averments, *either positively or by necessary implication,* a defendant could not be misled and the identity of the offense charged would be clear.

For example, in State v. Harriman, Me., 259 A.2d 752, we sustained the validity of an indictment charging Harriman with breaking arrest. The indictment asserted the officer who had placed Harriman under arrest was "then and there a police officer duly authorized to make arrests." The indictment did not allege the crime, a misdemeanor, was committed in the presence of the arresting officer.

We held this allegation was necessarily implied from the allegation that the officer was "authorized to make arrests."

The State concedes that the crime of cheating by false pretenses requires that the State establish by evidence convincing in its effect beyond a reasonable doubt that the person deceived relied upon the false representation.

The State argues, however, that since the indictment alleges the Petitioner " * * * designedly, * * * with intent to defraud, did falsely pretend (to another) for the purpose of inducing (another) to cash a check for him and to obtain money (from another) * * * did deliver to (another) a written instrument * * * and did receive cash for said (instrument) from (another) * * * (with knowledge of insufficient funds) * * *," there arises perforce an inference the false representation was relied upon by the person cheated.

The short answer to this argument is: In the case at hand such inference need not *necessarily* be drawn from the language used.

It is clear from the language employed in this indictment the design of the Defendant was fraudulent, however it cannot be said a *necessary* inference arises from the language that the intended victim of the fraudulent design did what he did *because of* and in *reliance upon* the inducement.

The indictment is also fatally defective for failure to describe the alleged false representation. The indictment merely recites that he "did falsely pretend." One reading the indictment is at a loss to learn therefrom what the pretense was. The purpose of the pretense, the indictment alleges, was to induce "Dwight Merrill to cash a check for him." In furtherance of the design, we are told, the Defendant "did deliver to said Dwight Merrill a written instrument purporting to be a bank check for the sum of One Hundred Dollars ($100.00)."

Neither by positive allegation nor by necessary intendment can it be discerned from the indictment that the alleged false pretense in any way related to the bank check. The indictment does allege the Defendant had knowledge "that he did not have sufficient funds in the bank to pay said check." It no place alleges he ever pretended he did *at the time* he delivered the check.

The Presiding Justice was correct in his ruling that the indictments were insufficient in law to serve as the basis for Ellis' commitment to the Maine State Prison following his pleas of guilty thereto.

The entry must be,

Appeal denied.

MARDEN, J., did not sit.