† STATE OF MAINE *versus* MORAN.

*The offence* to which the accused in a criminal proceeding, is called upon to answer, must be distinctly alleged.

But a complaint, that the respondent kept or deposited certain intoxicating liquors intended for unlawful sale, in a certain place, *or by some other person with his consent,* is insufficient and void.

Practice. Of the mode of presenting questions to the Court, arising under c. 48, of Acts of 1853.

ON REPORT, from *Nisi Prius,* APPLETON J., presiding.

COMPLAINT, under c. 48, of Acts of 1853.

When the case was called in the Court of trials, it was agreed to submit the complaint to the decision of the full Court. If it should be adjudged bad, a *nolle prosequi* to be entered; if sufficient, then to be remanded to the criminal term for trial.

The complaint alleged that certain intoxicating liquors were kept or deposited by defendant, *or by some other person with his consent,* for unlawful sale, &c.

*Waterhouse,* for defendant, objected to the complaint as void for uncertainty. 2 Russell on Crimes, 714; *State* v. *Milo,* 32 Maine, 55.

No one appeared on behalf of the State.

RICE, J. — This case is not regularly before us. The facts should have been settled before the case was brought here; or if presented on a question of law, it should have been so presented, that the defendant would have been precluded from further litigation in case the decision should be against him. The course adopted in this case, would, if permitted, postpone a final decision in this class of offences, in manifest contravention of the intention of the statute, and cannot be adopted as a rule of practice.

The complaint charges that certain liquors, described therein, were kept or deposited by one Patrick Moran, or by some other person with his consent, &c., and that said liquors were intended for sale, in this State, in violation of law. All substantive allegations in criminal proceedings should

be specifically and definitely set out, to the end that the person accused, may be apprised of the precise offence with which he is charged, and that the record of the proceedings may protect him from future prosecution for the same offence.

For a person to keep or deposit intoxicating liquors, intended for illegal sale, in this State, is an act prohibited by law.    To consent to such deposit or keeping by some other person, is, a different and distinct act; and whether there are provisions in the statute by which the person thus consenting, may be punished, we do not now decide.    It is uncertain with which of these acts the complaint charges the defendant, and in that respect it is clearly defective.

According to the agreement a *nolle pros.* is to be entered.