STATE *vs.* NOAH S. PAUL.

Kennebec.    Opinion February 17, 1879.

*Indictment.    False pretense.    Allegation.*

An indictment cannot be sustained, the substance of the allegations being that the respondent got money in placing a mortgage upon land by falsely representing that the land was well wooded and well timbered, and had upon it a valuable growth of hard and soft wood and hemlock bark, and contained about one hundred acres ; when in fact the land was not well wooded and well timbered, and did not have upon it a valuable growth of wood, bark or timber, and did not contain one hundred acres. ·

Had the indictment alleged that there was at the time of the representations no wooded growth upon the land, the representations might have been criminal. But the fact should be laid directly, and positively, and not inferentially, or by way of recital merely.

The want of a direct and positive allegation, in the description of the substance, nature, or manner of the offense, cannot be supplied by any intendment, argument, or implication whatever.

ON EXCEPTIONS.

INDICTMENT, charging that the defendant at, etc., on the 20th of April, 1874, unlawfully, knowingly and designedly did falsely pretend to one William W. Edwards of said Waterville, that he, the said Noah S. Paul, then and there owned a valuable piece of timber land situated in Albion in said county, and that the same piece of land contained about one hundred acres in quantity, and that the same was well wooded and well timbered and that there was upon said land a growth of hard and soft wood and hemlock bark, all of which was very valuable, and that the whole tract of said land was worth one thousand dollars.    Said premises being described as follows, etc., with intent thereby to induce the said Edwards to loan and advance to him, the said Paul, the sum of

three hundred and fifty dollars in money and of the value of $350, the property of said Edwards, and to take therefor the promissory note of said Paul for the said sum of three hundred and fifty dollars, dated on said 20th day of April, A. D. 1874, and payable to the order of Edwards in two years from the date thereof, with interest at the rate of nine per cent until paid, and interest payable annually, said note being secured by a mortgage of said tract of land given by said Paul to said Edwards and executed on said 20th day of April, 1874, which said mortgage is of the tenor following, etc., and with intent thereby to cheat and defraud the same Edwards of his said money; and by means of said false pretense did then and there induce said Edwards to loan and deliver to said Paul the said three hundred and fifty dollars in lawful money, and to take therefor said Paul's note for the sum of three hundred and fifty dollars as above described, and said Paul's mortgage of said land as security for the payment of said note as above described; and by means of said false pretense did then and there designedly obtain from said Edwards the said three hundred and fifty dollars in money, and of the value of three hundred and fifty dollars, the property of said Edwards, with intent then and there to cheat and defraud the said Edwards of the same, and did then and there cheat and defraud the said Edwards of said money.

Whereas, in truth and in fact, the tract of land above described was not a valuable piece of timber land, and did not contain one hundred acres in quantity, and was not well wooded and well timbered, and there was not on said land a valuable growth of hard and soft wood and hemlock bark, and the whole tract of land was not worth one thousand dollars, the timber, bark and lumber thereon having been, previously to said April 20, 1874, cut and hauled off, and said tract of land being then and there of no value whatever; all of which the said Paul then and there well knew, against the peace, etc.

The defendant demurred to the indictment, and it was joined. The presiding justice overruled the demurrer and adjudged the indictment good; and the defendant alleged exceptions.

*E. F. Webb*, county attorney, for the state.

*S. S. Brown*, for the defendant.

PETERS, J. The defendant is accused of obtaining money by false pretenses. He demurred to the indictment. It alleges that he represented that a parcel of land contained " about " one hundred acres, when in fact it did not contain one hundred acres. But, in criminal pleading, one hundred acres and about one hundred acres are not to be regarded as the same thing. The indictment also alleges that the respondent represented the land to be well wooded and well timbered and to have upon it a valuable growth of hard and soft wood and hemlock bark, and that the land was worth one thousand dollars, and that such representations were untrue. But all this is too much of the nature of an expression of opinion merely, to be actionable in a civil suit, and *a fortiori* not sufficient to support a criminal prosecution. What would be a valuable growth upon land, or a well wooded or timbered tract, is a very uncertain thing. The terms are indefinite. What one man would regard as valuable another might not. Where the representations embrace no details or particulars they should not be relied on.

The case of *Bishop* v. *Small*, 63 Maine, 12, and the cases cited in that case, and the arguments and citations contained in them, cover this whole field of inquiry. See, also, *Martin* v. *Jordan*, 60 Maine, 531, and *Mooney* v. *Miller*, 102 Mass. 217. The case of *State* v. *Stanley*, relied on by the government, differs from this case. See 64 Maine, 157. There a horse was represented to be sound. Whether he was or was not was a matter within the knowledge of the seller, and not ascertainable by the purchaser upon ordinary observation. Such a statement is regarded as a representation of fact, although very near the line that separates the one kind of representation from the other. Had the indictment in this case alleged that there was no growth of wood or timber upon the land, then the representations, if false, might appear to have been criminal. It does contain the words, " the timber, bark and lumber having been, previously to said April 20, 1874, cut and hauled off." But this is not a direct and positive assertion, but is given merely as an argument or reason why the land was not worth one thousand dollars, and (perhaps) why not well wooded and well timbered. All the

authorities upon criminal pleading agree that the want of a direct and positive allegation, in the description of the substance, nature or manner of the offense, cannot be supplied by any intendment, argument or implication whatever. *Com.* v. *Shaw,* 7 Met. c. 57. The charge must be laid positively, and not informally or by way of recital merely. 1 Archb. Crim. Pr. & Pl. 87. 2 Hawk. c, 25, § 60. See *Morse* v. *Shaw,* 124 Mass. 59.

.                           *Demurrer sustained.*

APPLETON, C. J., DANFORTH, VIRGIN, and LIBBEY, JJ., concurred.