STATE OF MAINE *vs.* ANDROSCOGGIN RAILROAD COMPANY.

Cumberland. Opinion October 15, 1884.

*Pleadings. Declaration. R. S., 1871, c. 46, § 23. Stat. 1872, c. 16.*

In penal actions the declaration must present a case strictly within the provisions of the statute, directly averring every essential fact, instead of leaving it to be gathered by argument or inference.

It an action against a railroad corporation to recover the penalty prescribed by R. S., (1871) c. 46, § 23, as amended by st. 1872, c. 16, for not making "a return of the names of all its stockholders, their residence, the amount of stock owned by each, and the whole amount of stock paid in," an allegation that the "defendant corporation is and for a long time has been a corporation duly organized, and existing under the laws of this state," does not sufficiently aver the material fact that any stock was ever issued.

ON EXCEPTIONS to the ruling of the court in overruling a demurrer to the declaration.

The opinion states the material facts.

*Henry B. Cleaves*, attorney general, for the state.

*William L. Putnam*, for the defendant.

VIRGIN, J. This is an action of debt by the state to recover the penalty prescribed in R. S., of 1871, c. 46, § 23 as amended by St. 1872, c. 16.

The defendant by general demurrer challenges the sufficiency of the declaration. To constitute a good declaration in actions of this nature, it must present a case strictly within the provisions of the statute on which the action is based, omitting nothing which the law deems essential in the form of declaring. Thus in an action of debt against a constable for the penalty given by

statute, for serving two executions issued by a justice of the peace and taking fees therefor before giving bond, the court, on demurrer, held the declaration bad for not setting out the amount of the debt and thereby showing that the precepts were within his authority to serve. "It is insisted," said WESTON, J., "that all processes, issuing from a justice, must necessarily be within a constable's jurisdiction; and these appearing of that description, the plaintiff was not bound to aver that they were such as a constable might serve. If this were true, it might be replied, that in a penal action an essential fact ought to be directly averred, instead of being left to be gathered by argument and inference." *Barter* v. *Martin*, 5 Maine, 76.

Even following the precise language of the statute is not necessarily sufficient. Thus where the statute imposed a fine upon any person who "maliciously or wantonly breaks glass in any building not his own," an allegation strictly following this language was held insufficient, inasmuch as "glass in a building" meant glass forming a part of a building, and should be so averred. *Com.* v. *Bean*, 11 Cush. 414. So, where a city ordinance prohibited, under a penalty, letting cattle "stop to feed" on any highway, etc., an allegation that the defendant suffered two cows to "stop and feed" on a certain highway named, was held insufficient, the court holding that the declaration should show that the cows were allowed to "stop and graze or feed on the grass growing on the street." *Com.* v. *Bean*, 14 Gray, 52.

The complaint before us is, that neither the clerk nor the treasurer of the defendant corporation has made to the secretary of the state a "return of the names of all its stockholders, their residence, the amount of stock owned by each, and the whole amount of stock paid in to said corporation," as required by R. S., of 1871, c. 46, § 22, as amended by St. 1872, c. 16.

A complete answer to this complaint may be found in the fact that the corporation never issued any stock, and that hence no such return was possible and contemplated by the statute. Whether such a fact exists or not we are not directly informed by any averment in the declaration. It might possibly be inferred

from the allegation that the " defendant is and for a long time has been a corporation duly organized and existing under the laws of the state." But, in the language of WESTON, J., *supra*, it is an essential fact and ought to be directly averred, instead of being left to be gathered by argument and inference. We cannot go outside of the declaration for information on this subject, for only such facts as are properly pleaded therein, are admitted by the demurrer. We suggest also that while amending the declaration in the particular above mentioned, the plaintiff had better aver also that the defendant "holds property liable to be taxed," which he can do on payment of costs since the filing of the demurrer.

> *Demurrer sustained. Declaration adjudged bad.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.