The State of North Dakota v. George R. Lonne.

Opinion filed May 4, 1906.

**Information — Alternative Allegations.**

1. Section 7462, Rev. Codes 1899, defines the crime of embezzlement as the fraudulent appropriation of property, or secreting the property with intent to fraudulently appropriate it. The information charged the defendant with fraudulently appropriating property or secreting it with fraudulent intent to appropriate it. *Held* bad on demurrer, as not charging the offense with certainty.

**Same.**

2. Where the statute specifies several things disjunctively, as constituting an offense, the general rule is that to charge the several things disjunctively in an information renders the charge uncertain, and therefore subject to demurrer.

**Same.**

3. Section 8042, Rev. Codes 1899, is not applicable to such an information, as the words connected by the disjunctive are not used to describe the means of the commission of the offense.

**Embezzlement — Elements of Offense.**

> 4. The fraudulent appropriation of property or the secreting of it with fraudulent intent to appropriate it as described in the statute are different acts or facts that constitute the crime of embezzlement, and are not the means of committing that offense.

Appeal from District Court, Griggs county; *Winchester, J.*

George R. Lonne was convicted of embezzlement, and appeals. Reversed and remanded.

*H. R. Turner* and *Turner & Wright,* for appellant.

Where the statute enumerates several acts disjunctively which separately or together constitute an offense, if the indictment or information charges more than one of them, it must do so conjunctively. People v. Cooper, 53 Cal. 47; People v. Frank, 28 Cal. 507; People v. De La Guerra, 31 Cal. 460; Wharton's Cr. Pl. & Pr. (9th Ed.) 161.

*C. N. Frich,* Attorney General, *Frank R. Gladstone,* State's Attorney, and *Lee Combs,* for respondent.

The information states two different ways of committing the same offense, which is permitted. Rev. Codes 1899, section 8042. State v. Watrous, 13 Iowa, 489; State v. McPherson, 9 Iowa, 53; State v. Barrett, 8 Iowa, 536; State v. Vaughn, 5 Iowa, 369; Burdine v. State, 25 Ala. 60; also People v. Ah Woo, 28 Cal. 206; 10 Enc. Pl. & Pr. 536.

MORGAN, C. J. The defendant was convicted of the crime of embezzlement and appeals from the order denying his motion for a new trial. Upon his arraignment in district court, the defendant demurred to the information upon the ground, among others, that the facts stated therein did not constitute the crime of embezzlement or any other public offense. The overruling of the demurrer is specified and assigned as error in this court. The precise objection to the information is that the facts are therein stated in the alternative and that the facts are for that reason so indefinitely stated, that no crime is charged.

The information is as follows, so far as material to the consideration of this point: That the defendant did commit the crime of embezzlement as follows; to wit, that defendant "did then and there willfully, knowingly, fraudulently and feloniously appropriate or secrete with a fraudulent intent to appropriate, the money afore-

said, to his own use or purpose," etc. It is claimed by the appellant that section 7462, Rev. Codes 1899, on which the information is based, describes the two acts or facts under which the offense of embezzlement may be committed, and these facts must be positively stated and cannot be stated in the disjunctive. Said section is as follows: "If any person, being an officer * * * of any * * * corporation * * * fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust any property which he has in his possession or under his control in virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement." A reading of this section shows that the offense of embezzlement may be committed by two separate and different acts or facts: (1) A fraudulent appropriation of property. (2) Secreting property with a fraudulent intent thereafter to appropriate it. By charging the offense as having been committed either by the appropriation of the property fraudulently or by secreting it with a fraudulent intent to appropriate it, the charge loses the certainty required in an information. The offense becomes complete when the act of appropriating the property is fraudulently done or when the act of secreting the property is done with a fraudulent intent to appropriate it. Section 8040, Rev. Codes of 1899, prescribes that an information or indictment must be direct and certain as to the offense charged and as to the particular circumstances of the offense charged when they are necessary to constitute a complete offense. Section 8039, Rev. Codes 1899, provides that an information or indictment must contain a statement of the facts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended. The information lacks that definiteness and certainty contemplated by these sections. It is impossible to determine whether the information charges embezzlement by fraudulent appropriation, or embezzlement by secreting the property with intent to fraudulently appropriate it thereafter. A conviction under this information would not determine whether it was for fraudulently appropriating the property or for secreting the property with intent to appropriate it. Bishop on Criminal Procedure lays down the rule relating to informations drawn under similar statutes as follows: "Sec. 586. To repeat what was explained in another connection. If a statute makes criminal the doing of this or that, mentioning several things disjunc-

tively, there is but one offense which may be committed in different ways, and in most instances all may be charged in a single court. But the conjunctive 'and' must ordinarily in the indictment take the place of 'or' in the statute, else it will be ill as being uncertain. And proof of the offense in any one of the ways will sustain the allegation. On the other hand the indictment may equally well charge what comes within a single one or more clauses, less than all, of the statutes and still it embraces the complete proportions of the forbidden wrong." See, also, Clifford v. State, 29 Wis. 327; Commonwealth v. Grey, 2 Gray (Mass.) 51, 61 Am. Dec. 476; State v. Dale, 8 Or. 229; State v. Moran, 40 Me. 129; Wharton on Criminal Pl. & Pr. (9th Ed.) section 161; Stevens v. Commonwealth, 6 Metc. (Mass.) 241; State v. Fancher, 71 Mo. 460; Tompkins v. State, 4 Tex. App. 161; Hart v. State, 2 Tex. App. 39. These cases show that the use of the disjunctive "or" is not generally permissible in an information where a statute makes it a crime to do any one of several things therein mentioned disjunctively. There are some exceptions to this general rule, but they cannot be applied in this case. For instance if the word "or" is used in the information in the sense of "to wit," it is not objectionable. If "or" is used to connect synonymous words or phrases, the general rule does not apply.

The state contends that the use of the disjunctive is permissible for the reason that it only connects the words describing the different means by which the offense of embezzlement may be committed. It is maintained that section 8042, Rev. Codes 1899, which reads as follows, applies: "The information on the indictment must charge but one offense, but the same offense may be set forth in different forms or degrees under different counts; and when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count." We do not think that this section is applicable to this case. As stated before, section 7462, supra, defines embezzlement, and the crime may be committed either by appropriating the property or secreting it fraudulently. An information can be based on the fraudulent appropriating or upon the secreting with intent to appropriate. The means of committing the embezzlement is not the appropriating or the secreting of the property. The secreting or the appropriation are substantive acts and facts that may separately constitute the offense. Goodhue v. People, 94 Ill. 37; State v. Clarkson, 59 Mo.

149. Our conclusion is that the words "appropriate" and "secrete" as used in the statute are descriptive of different acts by which the offense may be committed, and are not intended to describe the means by which the embezzlement is committed. The word "means," as used in that section, is to be defined as synonymous with the word "agency" or "instrumentality." It was error to overrule the demurrer.

The order denying the motion for a new trial is reversed, and the case remanded for further proceedings according to law. All concur.