STATE OF MAINE *vs.* EARL BEATTIE.

Aroostook.        Opinion July 22, 1930.

230

*J. Frederic Burns*, County Attorney, for the State.
*William R. Roix*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ. PHILBROOK, A. R. J.

PATTANGALL, C. J. On exceptions. Respondent was tried and found guilty of having offered a bribe to John H. Welch, Sheriff of the County of Aroostook. The indictment, brought under Section 5 of Chapter 124, R. S. 1916, reads as follows:

"The jurors for said State upon their oath present, that Earl Beattie, of Crystal, in said county of Aroostook, at Crystal in said county of Aroostook, on the twenty-fourth day of November in the year of our Lord one thousand nine hundred and twenty-nine feloniously and corruptly did offer to one John H. Welch, the said John H. Welch being then and there an executive officer, to wit; the duly appointed and qualified Sheriff of the County of Aroostook, whose duty it was to enforce the laws of the State of Maine, within said county, including the laws against the sale and keeping for sale of intoxicating liquors, a certain valuable consideration and gratuity, to wit; the sum of One Hundred Dollars, in money, with intent then and there to influence the action of said John H. Welch in a certain matter which might, and did, in fact, come legally before said John H. Welch in his official capacity as Sheriff, to wit; to influence said John H. Welch to refrain

from arresting one Horatio Beattie, and to refrain from making a seizure of a certain quantity of intoxicating liquors, then and there found in the possession of said Horatio Beattie, which said intoxicating liquors were then and there intended for unlawful sale within said State, which seizure and arrest, he, the said John H. Welch, was then and there authorized and in duty bound to make, against the peace of said State, and contrary to the form of the statute in such case made and provided."

The form is taken from "Directions and Forms for Criminal Procedure for the State of Maine" (Whitehouse and Hill), very generally in use by prosecuting officers in this state.

After verdict, a motion in arrest of judgment was made and respondent seasonably excepted to the denial of the motion.

The sole issue here is whether or not the indictment is good, respondent claiming that it is defective in that it contains no allegation that respondent knew that the person to whom the bribe was offered was in fact the Sheriff of Aroostook County.

The question is properly raised under motion in arrest of judgment. Such a motion will lie where error appears on the face of the record, *State* v. *Kopelow*, 126 Me., 388. Even though the question might properly have been raised on demurrer. *State* v. *Berry*, 112 Me., 504.

The essential elements of the crime of bribing or offering to bribe a public officer, as necessarily inferred from the statute, include knowledge on the part of the accused of the official character or capacity of the person to whom the bribe is offered, the fact that the thing offered is of some value, and that it was offered with intent to influence his official action.

From the earliest times, it has been held that an indictment for bribery must set forth the respondent's knowledge of the official character of him to whom the bribe is offered. *State* v. *Howard* (Minn.), 61 Am. St. Rep., 403.

We are aware that this rule has been relaxed in other jurisdictions to the extent of holding that lack of the direct allegation of knowledge may be supplied by implication. *People* v. *Glass* (Cal.),

112 Pac., 281 ; *State* v. *McDonald* (Ind.), 6 N. E., 607 ; *Commonwealth* v. *Bailey* (Ky.), 82 S. W., 299 ; *Cohen* v. *U. S.* (C. C. A.), 294 Fed., 488.

But while the rules of criminal pleading in this state are not unreasonably technical, this court has insisted that indictments should be drawn with care and exactness. "No person can be held to answer to a criminal charge until it is fully, plainly, substantially and formally described to him. Every material fact which serves to constitute the offense must be expressed with reasonable fullness, directness, and precision." *State* v. *Perley*, 86 Me., 431. "The doctrine of the court is identical with that of reason. The indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted." 1 ·Bish. Cr. Prac., Sec. 81.

Approving the statement in *Commonwealth* v. *Shaw*, 7 Met., 57, that "if the intention with which an act is done be material to constitute the offence charged, such intention must be truly laid in the indictment ; and it must be laid positively ; and the want of a direct allegation of any thing material, in the description of the substance, nature or manner of the offence, cannot be supplied by any intendment or implication whatsoever," our court in *State* v. *Paul*, 69 Me., 215, speaking through Chief Justice Peters, .added "All the authorities upon criminal pleading agree that the want of a direct and positive allegation, in the description of the substance, nature or manner of the offense, cannot be supplied by any intendment, argument or implication whatever."

This statement of the law was confirmed in *State* v. *Bushey*, 84 Me., 459 ; *State* v. *Darling*, 89 Me., 403 ; *State* v. *Soucie*, 109 Me., 254.

The indictment before us contains no express allegation of knowledge or notice on the part of respondent. We may not supply the omission by intendment, argument or implication.

*Exceptions sustained.*