STATE OF MAINE

*vs.*

MAINE STATE FAIR ASSOCIATION

Androscoggin.    Opinion, April 15, 1953.

*Irving Isaacson, Asst. County Attorney,* for plaintiff.

*Philip M. Isaacson,* for defendant.

SITTING: *MURCHIE, C. J., MERRILL, C. J., THAXTER, FEL-LOWS, NULTY, WILLIAMSON, JJ.

MERRILL, C. J.   On report.   This is a prosecution for violation of an ordinance of the City of Lewiston. The respondent, Maine State Fair Association, after having been found guilty by the judge of the Municipal Court of the City of Lewiston and sentenced to pay a fine of five dollars and costs of prosecution appealed to the November 1950 Term of the Superior Court in the County of Androscoggin. The appeal was duly entered and the case was before the Superior Court upon the complaint and warrant and plea of not guilty entered in the court below. At the April 1952 Term the case was reported to this court upon an agreed statement of facts.

The complaint charges that the respondent Association, "on the fifth day of September in the year of our Lord one thousand nine hundred and fifty at said Lewiston, in said County, with force and arms and unlawfully did then and there use the race track located in the City of Lewiston, for harness racing and for commercial gain without a permit so

to do, in violation of the ordinances of the city of Lewiston, against the peace of said State, and contrary to the form of the statute in such cases made and provided."

The section of the ordinance for the violation of which the defendant is being prosecuted is as follows:

"Sec. 2. No person shall use any race track for races without first obtaining a permit and paying the proper fee therefore as hereinafter provided."

The previous section of the ordinance defines the words "Races" and "Race Track" and other words used therein, and is as follows:

"Sec. 1. The following words and terms as used in this Ordinance shall be deemed to mean and shall be construed as follows:
'Races' A meeting for contests in the running of horses with intent to financial gain to any person, including 'sulky races', 'harness races,' 'and races of horses in any form over a regular course at a set time, with the exception of and intent to exclude 'running races' with 'runners' so-called.
'Meet' or 'Meeting' The total number of consecutive days, excluding Sundays during which races are run.

'Person' The word 'person' as used in this ordinance shall mean and include any person, association, firm partnership, limited partnership or corporation.

'Permit' A permit issued in pursuance of this ordinance.

'Race Track' Any fair grounds, race track or field in the City of Lewiston, which has on it any structure or grandstand, so-called, with a capacity of over one hundred (100) persons and which is used by spectators at races.

'Grandstand' Any structure on the race track used by spectators during the running of races."

The words *"race track"* and *"races"* when used in Section 2 of the ordinance are not used in their ordinary but in the restricted sense and meaning set forth in Section 1 of the ordinance. Races are *races within the meaning of the ordinance* only when they are "a meeting for contests * * * with intent to financial gain to any person * * * over a regular course at a set time." A race track is a *race track within the meaning of this ordinance* only when it has "on it any structure or grandstand, so-called, with a capacity of over one hundred (100) persons and which is used by spectators at races." Unless a race track is a *race track of the kind defined in Section 1 of the ordinance,* its use without a permit is not prohibited by Section 2 of the ordinance. Unless the races for which the race track, as defined in the ordinance, is used *are races of the kind defined in Section 1 of the ordinance,* the use of the race track therefor without a permit is not prohibited by Section 2 of the ordinance.

It is an elementary rule of criminal pleading that common, ordinary words used in indictments or complaints are to be interpreted in accordance with their ordinary and common meaning. As said in Beale's Criminal Pleading and Practice, Page 95, Section 94, "Words and phrases in the indictment, when they have not acquired a technical legal meaning, will be interpreted according to their ordinary use."

A statute by definition of common words therein may restrict the meaning thereof when and as used in the statute. The same is true of a city ordinance enacted pursuant to authority granted either by general law or under the city charter.

However, such words when used in indictments or complaints for violation of the statute or ordinance will be interpreted according to their ordinary or common meaning,

as distinguished from the restricted meaning assigned to them by the statute or ordinance. The definition of words used in a statute or ordinance does not *per se* modify or restrict their meaning when used in complaints for violation of the statute or ordinance in which they are defined. To give to the words when used in an indictment or complaint the restricted meaning in which they are used in the statute or ordinance it is necessary to do so by direct allegation in terms or to set forth in the indictment or complaint sufficient facts necessary to charge a violation of the statute or ordinance.

If the complaint or indictment, interpreted according to the common and ordinary usage and meaning of the words therein, does not *necessarily* charge the respondent with a violation of the statute or ordinance, the complaint or indictment is insufficient and will not sustain a conviction.

A contrary holding would violate the respondent's constitutional right "To demand the nature and cause of the accusation, and have a copy thereof;" guaranteed to him by Art. I, Sec. 6 of the Constitution of Maine. The fundamental reasons therefor have been examined and stated so many times by this court that detailed analysis and restatement would serve no useful purpose. *State* v. *Lashus,* 79 Me. 541; *State* v. *Androscoggin Railroad Co.,* 76 Me. 411; *State* v. *Doran,* 99 Me. 329; *State* v. *Mace,* 76 Me. 64; *State* v. *Moran,* 40 Me. 129; *State* v. *Crouse,* 117 Me. 363; *State* v. *Beckwith,* 135 Me. 423; *State* v. *Strout,* 132 Me. 134; *State* v. *Peterson,* 136 Me. 165, and *Smith, Pet'r.* v. *State of Maine,* 145 Me. 313.

Particular attention is called to the comparatively recent case of *Smith* v. *Bellmore,* 144 Me. 231 which involved the use of the word *"liquor"* which had been defined in R. S. (1944), Chap. 57, Sec. 1. In this case we held that a com-

plaint alleging a sale of *"liquor"* was insufficient to charge a sale of *intoxicating liquor,* although the statute had defined the word *liquor* when used therein as meaning intoxicating liquor. The word liquor in the complaint was interpreted according to its common and ordinary meaning which included both intoxicating and non-intoxicating liquor. The *allegation* in the complaint *was not aided* by the *definition* in the statute.

In this case the ordinance defines the meaning of certain words when used in the ordinance. It does not define the meaning of those same words when used in a complaint. There are no facts set forth in the complaint showing that the *race track* alleged to have been used therein was a *race track* within the definition of the words as used in the ordinance, or that the words *harness racing* were within the definition of "races" contained in the ordinance.

The ordinance does not prohibit the use of a race track, even if the race track is one within the definition of the ordinance, for harness racing without a permit, unless the harness racing is carried on "with intent to financial gain." Nor would it be a violation of the ordinance to use the race track for financial gain without a permit unless it was used for racing with such intent. The allegation in the complaint is that the respondent used the track for harness racing *and* for commercial gain. It does not allege that it was used for harness racing *for* commercial gain, or in the words of the ordinance *"with intent to financial gain."*

The complaint charges no violation of the ordinance. The State does not contend that it charges the respondent with the violation of any law other than the ordinance in question.

As the complaint does not sufficiently charge a violation of the ordinance, it is unnecessary for us to inquire into the

492

validity of the ordinance, or its application to the respondent. If the respondent were to be found guilty upon this complaint since it charges no offense, the conviction could be attacked by motion in arrest of judgment. *State* v. *Peterson,* 136 Me. 165. If the respondent were to be found guilty and sentenced, the sentence would be reversed on a writ of error. *Smith, Pet'r.* v. *State of Maine,* 145 Me. 313. The complaint must be dismissed, and the entry will be,

*Complaint dismissed.*

*Judgment for the respondent.*

*(MURCHIE, C. J., having deceased, did not join in this opinion.)