STATE OF MAINE
*vs.*
(3810)     CLEMENT H. DESCHAMBAULT

York.   Opinion, May 17, 1963.

*John J. Harvey, County Attorney*, for State.

*Charles W. Smith*, for Defendant.

SITTING: WEBBER, SULLIVAN, SIDDALL, JJ.  DUBORD, J., sat at argument, but retired before rendition of decision. WILLIAMSON, C. J., and TAPLEY, J., dissenting.

WEBBER, J. On exceptions. The respondent's demurrer to an indictment intended to charge the statutory crime of cheating by false pretenses was overruled below. The respondent contends that the indictment is fatally defective.

We are concerned here only with so much of the indictment as purports to allege the false pretenses and the negation of the truth thereof. Those portions recite that the respondent "did falsely pretend to (the complainant) that he (the respondent), the duly elected and qualified Mayor of the City of Biddeford, Maine, for the year 1960, and ex officio, by virtue of his office, a member of the Board of Education for the City of Biddeford, Maine, and also a member of the Biddeford High Building Committee, which last mentioned Committee was charged with the responsibility of making all arrangements in contracting for the construction of a new Biddeford High School in Biddeford, Maine, had through the color of his office, *been one of the persons responsible for the said* (complainant) *to obtain the contract* for the building and construction of the said new Biddeford High School for the City of Biddeford, Maine, and that *for services rendered by him,* for and in behalf of the said (complainant), the said (respondent), *in his said capacity* as aforesaid, *for all the work he had performed with respect thereto, should have and receive the sum of $12,000.00 for use in his political campaign;* whereas, in truth and in fact, the said (respondent), in his said capacity as the duly elected Mayor, ex-officio member of the Board of Education and member of the new Biddeford High Building Committee *did not, by virtue of his office or otherwise, influence the action of the Board of Education and Biddeford High Building Committee* resulting in the said (complainant) obtaining the contract for the construction of the new Biddeford High School Building, * * *." (Emphasis supplied.)

The guiding principles are set forth in the leading case of *State* v. *Paul,* 69 Me. 215, 217. A mere expression of opinion will not suffice to support a criminal prosecution for cheating by false pretenses. There must be a "direct and positive assertion" negating the truth of the alleged false pretenses.

We are concerned here only with the italicized portions of the indictment as above set forth. Whether or not the respondent was "one of the persons responsible" was a matter of opinion rather than fact. It reflected the judgment and conclusion of the speaker upon a matter as to which opinions might well differ. The representation smacks of political puffing. It falls far short of the requirement that the pretenses must relate to facts. The indictment is in no way strengthened by the additional italicized phrases. Whether the respondent rendered any unspecified services or performed any work which was of value to the complainant, and more particularly of the value of $12,000, was certainly more a matter of opinion than of fact. There is included no recitation as to what comprised the "services" or "work performed." As was stated in *State* v. *Paul,* *supra,* at page 217: "The terms are indefinite. What one man would regard as valuable another might not. Where the representations embraced no details or particulars they should not be relied on."

The indictment is fatally defective in another respect. The attempted negation that the respondent "did not by virtue of his office or otherwise, influence the action of the Board * * * and * * * Committee" is not a "direct and positive assertion" negating the truth of the pretenses. The respondent is not charged with having pretended that he influenced the action of any Board or Committee. There is here no denial that the respondent was "one of those responsible" or that he "rendered services" or "performed work." If the respondent had done no more than vote for

the letting of a contract to the complainant, he might in his own opinion have been "one of those responsible," rendering valuable service to the complainant without otherwise influencing the action of his fellow board members. We cannot supply the requisite collision between the alleged false pretenses and the negation of the truth thereof "by any intendment, argument or implication." *State* v. *Paul, supra,* at page 118; see *State* v. *Perley,* 86 Me. 427, 431; *State* v. *Beattie,* 129 Me. 229, 232.

For the purposes of this case it can be said that the respondent can be compelled to answer only to an indictment which charges him clearly and explicitly with having made false pretenses as to matters of fact, which facts are directly and positively alleged not to be true. (See R. S., Chap. 133, Sec. 11, as amended for statutory exception not pertinent here).

For all of the foregoing considerations the entry must be

*Exceptions sustained.*

WILLIAMSON, C. J. (DISSENTING OPINION)

I would hold the indictment sufficient in law and overrule the exceptions.

Serious problems raised by demurrers to indictments for cheating by false pretenses under R. S., c. 113, § 11 are evidenced in three cases decided this day; namely, *State* v. *Deschambault* (3811), *State* v. *Binette,* and the instant case. The difficulties have arisen, as I see it, not from differing views upon the general principles of law but from their application to the indictments before us.

In reaching the conclusion that the indictment is sufficient, I have in mind the following reasons:

First: Common ordinary words in an indictment carry their common ordinary meaning. Technical words, of course, receive their technical meaning and words defined by statute, their statutory definition. *State* v. *Maine State Fair Assn.*, 148 Me. 486, 96 A. (2nd) 229; 42 C. J. S., Indictments and Informations, § 107.

The fullest protection is required for the accused. The impossible, however, is not demanded of the State in the use of words setting forth the charge of a criminal offense. The governing principle is simply stated: the meaning of the indictment must be clear. What then is the clear meaning of the charge against the defendant?

The defendant asserts that the alleged pretense "embraces no details or particulars and is indefinite and not sufficient to be relied upon." The bite of the pretense is that the mayor had been one of the persons responsible for Plante obtaining a building contract from the Biddeford High School Building Committee and had rendered services and performed work for Plante with respect to the contract.

In reading the indictment I note the phrases "responsibility of" and "responsible for." The Building Committee "was charged with the responsibility of making all arrangements in contracting for the construction of a new Biddeford High School. . . ." "Responsibility of" here means the duty and the power to make the required arrangements including contracts. No one could misinterpret the meaning of the indictment with reference to the Building Committee.

Turning to the pretense that the defendant "had . . . been one of the persons responsible for" Plante obtaining a contract, I consider "responsible for" used in the sense of causing or bringing about a certain result, in brief, of influencing the Committee. "Responsible": answerable as

the primary cause, motive, or agent whether of evil or good: creditable or chargeable with the result." Webster's Third New International Dictionary (1961). There is then the pretense that the defendant as mayor and member of the Board of Education and of the Building Committee influenced the Committee in its decision to enter into the contract with Plante. It is equally clear in my opinion that services rendered and work performed for the benefit of Plante describe alleged action designed to influence the Committee.

The portion of the pretense to the effect that the defendant should receive $12,000 for use in his political campaign is a statement of opinion and not of fact. A court is not thereby foreclosed in its interpretation of the meaning of the alleged facts from considering the crystal clear opinion of the value allegedly placed thereon by the defendant himself.

To say that the words of the alleged pretense could reasonably mean simply that the defendant had been a member of the Committee and had rendered services or performed work within the proper exercise of his public trust, would render the language of the indictment meaningless. Surely the State did not seek to indict the defendant for pretending he was a member of the Building Committee.

To summarize, I conclude that the defendant is plainly and unmistakably charged with falsely pretending that he influenced the Building Committee in making a school building contract with Plante.

Second: The defendant attacks the indictment on the ground that the alleged false pretense states an opinion only and not a fact.

The pretense was not that the defendant *had influence* with the Committee *at the time* the pretense was made, but

that *prior thereto* he had *exerted influence*. "Responsible for," "services rendered," "all the work he had performed," sufficiently describe the process or act of influencing the Committee. The pretense was not allegedly made as a matter of opinion but as of fact. In *State* v. *Albee*, 152 Me. 425, 132 A. (2nd) 559, we held that a claim by the accused of influence to secure a favorable disposition of a criminal charge was a representation of existing fact. That the *fact* here was in the past, does not alter its character from fact to opinion.

I set aside the alleged statement that the defendant should receive $12,000 for use in his political campaign. At most, the defendant is thereby charged with giving his opinion upon the value of his services and work in influencing the Committee. Nothing more by way of fact is thus added to the pretense. The opinion has, however, weight in establishing the meaning of the pretense as stated.

Third: The defendant contends that the alleged false pretense was incapable of defrauding anyone. The test of whether the pretense deceived is a question of fact for the jury. Common prudence on the part of the one allegedly defrauded is not required. *State* v. *Mills*, 17 Me. 211.

The statute is designed to protect the weak, the ignorant, and the foolish. The folly of Plante, if such be the fact, would not protect the respondent. The State and the defendant are the only parties to the cause. *State* v. *Albee*, *supra; Commonwealth* v. *O'Brien*, 172 Mass. 248, 52 N. E. 77; 2 Wharton's Criminal Law, § 1493; 2 Bishop on Criminal Law, § 433 *et seq.*

I do not exclude the possibility that an alleged false pretense may be so weak and unconvincing that as a matter of law no manner of proof could establish the element of fraud. In this instance I would leave the issue to the jury.

Lastly: The defendant submits the negating clause is insufficient. From the indictment above we read that the defendant did not "influence the action." I am satisfied for the reasons under First that the indictment in the pretense charged the exertion of influence, and therefore that the truth of the pretense is plainly denied.

As the court has pointed out, we are called upon to consider only the sufficiency of certain portions of the indictment.

Tapley, J., concurs in dissenting opinion.