883 P.2d 431

**RDB THOMAS ROAD PARTNERSHIP, a Colorado partnership, Plaintiff–Counterdefendant–Appellant,**

**v.**

**CITY OF PHOENIX, a municipal corporation, Defendant–Counterclaimant–Appellee.**

No. 1 CA–TX 92–0011.

Court of Appeals of Arizona, Division One, Department T.

Jan. 20, 1994.

Review Denied Nov. 1, 1994.

that RDB was liable for City of Phoenix privilege license taxes, pursuant to Phoenix City Code ("Code") section 14–416, on the proceeds it realized when it sold a commercial building in Phoenix, (2) summary judgment holding that RDB's rental income during its ownership of the commercial building was not exempt from taxation under Code section 14–445, (3) judgment entered on a jury verdict awarding the city certain statutory penalties against RDB, (4) judgment for jury fees against RDB, and (5) the tax court's order denying RDB's motions for new trial and for judgment notwithstanding the verdict.

Several issues have been raised in this appeal, only one of which is the appropriate subject matter of an opinion. *See Fenn v. Fenn,* 174 Ariz. 84, 85, 847 P.2d 129, 130 (App.1993). We have disposed of the other issues by memorandum decision and issue our opinion in this case on the following issue: whether an owner of land who engages a general contractor to improve its property and then sells within twenty-four months of completion is an "owner-builder" within Code section 14–100. We hold that such an owner is an "owner-builder" and affirm the tax court.

## FACTS AND PROCEDURAL HISTORY

RDB is a Colorado partnership consisting of three general partners, including Gary D. Reifschneider. Reifschneider was also president of G.D. Reifschneider Company, Inc. ("GDR"), a construction contracting company.

In April 1986, RDB entered into a construction contract with GDR under which GDR was to construct a building on RDB's unimproved real property located in Phoenix. After construction was completed, RDB held the improved property for rental income. Unfortunately, RDB was unable to obtain permanent financing and consequently sold the property.

In April 1989, after investigation of the construction project, the city assessed rental and speculative builder privilege taxes, interest, and evasion and negligence penalties totalling $45,170.79 against RDB for the period

Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C. by Arthur W. Pederson, Phoenix, for appellant.

Roderick G. McDougall, Phoenix City Atty. by James H. Hays, Asst. City Atty., Phoenix, for appellee.

OPINION

WEISBERG, Judge.

RDB Thomas Road Partnership ("RDB") appeals from (1) summary judgment holding

from April 1988 through September 1988. On RDB's request, an administrative hearing was held. The hearing officer sustained the assessment of rental and speculative builder taxes, upheld penalties for failure to file and pay tax, upheld the evasion penalty on the rental income tax, abated the evasion penalty relating to the speculative builder tax, and abated the negligence penalties relating to the rental tax and speculative builder tax. Based on the hearing officer's decision, the city issued a modified assessment totaling $35,990.17.

RDB paid the modified assessment under protest and brought this refund action in the Arizona tax court. The city's answer contained a counterclaim for an additional evasion penalty and an additional negligence penalty pursuant to the speculative builder tax. On cross-motions for summary judgment, the tax court ruled for the city on RDB's challenge to the application of the speculative builder tax. On further cross-motions for summary judgment, the tax court ruled that RDB's rental income during the audit period was subject to taxation.

The case was tried to a jury. At the close of the city's case on its counterclaim, RDB moved for a directed verdict on the evasion and negligence penalties on the rental income and speculative builder taxes. The tax court granted a directed verdict for RDB on the issue of evasion penalties, but denied the motion for directed verdict on the issue of negligence penalties. The jury found that RDB's failure to file a return and pay taxes related to rental income and speculative builder income was due to willful neglect. The jury also found that Reifschneider's negligence caused the tax deficiency regarding the speculative builder tax.

After trial, RDB moved for assessment of attorney's fees against the city. RDB also objected to taxation of jury fees against it. The tax court entered judgment for jury fees. It overruled RDB's objection to the assessment of jury fees and held that RDB was not entitled to an award of attorney's fees because it was the "overall loser in all of the litigation...."

The tax court entered formal judgment in accordance with its rulings and the verdict.

RDB filed motions for judgment notwithstanding the verdict and for new trial. The tax court denied both motions. RDB timely appealed.

## DISCUSSION

RDB was taxed on the proceeds of the sale of its building as a "speculative builder" pursuant to Code section 14–416. Only an "owner-builder" can be a "speculative builder." Code § 14–100 (" 'Owner–Builder' means an owner or lessor of real property who, by himself or by or through others, constructs or has constructed or reconstructs or has reconstructed any improvement to real property."). RDB contends on a number of grounds that a real property owner who performs no construction, but instead contracts for a general contractor to do so, cannot constitute an "owner-builder."

 RDB argues that the Code section 14–100 definition of "owner-builder" is uncertain, vague, and ambiguous, and therefore in need of judicial construction. It invokes the familiar rules that taxing statutes must be certain, clear, and unambiguous as to the subject of taxation and that tax statutes are strictly construed against the taxing authority and liberally construed in favor of the taxpayer in determining the scope of the tax. *Duhame v. State Tax Comm'n,* 65 Ariz. 268, 272, 179 P.2d 252, 254 (1947); *City of Phoenix v. Santa Anita Development Corp.,* 141 Ariz. 179, 182, 685 P.2d 1331, 1334 (App. 1984).

 RDB suggests alternative meanings for the two crucial phrases "by or through others" and "constructs or has constructed" in the owner-builder definition, and then argues that their existence establishes the definition's ambiguity. RDB contends that the common dictionary definitions of the words "by" and "through" necessarily describe only a principal-agent relationship in which the principal controls the agent. Because GDR operated as RDB's independent contractor in constructing the building, RDB contends that no principal-agent relationship existed between them, and that RDB consequently did not construct the facility "by or through" GDR. Similarly, RDB contends that the

phrase "constructs or has constructed" can only amount to a repetition of the verb "construct" in the present and past tenses. RDB argues that the words "has constructed" therefore cannot mean the equivalent of "has [someone else] construct."

These alternative meanings advanced by RDB distort the ordinary meaning of the definition as a whole; they do not give rise to an inference of ambiguity. Although "has constructed" may serve as the past tense of "constructs," such interpretation would render "has constructed" redundant and superfluous in the code definition of "owner-builder." Moreover, RDB's bookish interpretation conflicts with the colloquial sense of the phrase "constructs or has constructed . . . any improvement to real property." Unpolished as it may be, in ordinary English this phrase is equivalent to "constructs or has someone else construct . . . any improvement to real property."

We also reject RDB's proposed restrictive meaning for the phrase "by or through others." Contrary to RDB's contention, neither the dictionary definitions nor the case law on which RDB relies would require that this phrase refer only to a principal-agent relationship.[1]

RDB incorrectly argues that interpreting "by or through others" as including the relationship between an owner and a general contractor would be contrary to *SDC Management, Inc. v. State ex rel. Arizona Department of Revenue,* 167 Ariz. 491, 808 P.2d 1243 (App.1991). In that case, we held that taxpayers who employed independent contractors to build on their own land were not engaging in contracting business and therefore were not taxable as "owner-builders" pursuant to a state statute. *Id.* at 499, 808 P.2d at 1251. That statute, however, defines "owner-builder" as "a person who owns or leases real property within the state, and who *acts as a contractor,* either himself or through others." Ariz.Rev.Stat.Ann. § 42-1301(9) (repealed 1988) (emphasis added). The *SDC Management* decision relied on the requirement that the taxpayer be a contractor, as required by that statute. 167 Ariz. at 497, 808 P.2d at 1249; *see also Santa Anita,* 141 Ariz. at 183, 685 P.2d at 1335 (holding that contracting is the taxable activity); *Bassett v. City of Tucson,* 137 Ariz. 199, 202, 669 P.2d 976, 979 (App.1983) (taxpayer using general contractor held to meet 'act as contractor' requirement in Tucson City Code).

The parts of the Code relevant to the instant case, however, are based on the Model City Tax Code and do not include a similar contractor requirement in the definition of "owner-builder." *See* Code § 14–100; League of Ariz.Cities and Towns, Model City Tax Code (master vers. 1987). Instead, the codes' definitions expressly include anyone who "constructs or has constructed . . . any improvement." This distinguishes *SDC Management.* Because *SDC Management* is based on a "contractor" requirement, and because the Model City Code does not include any such requirement, *SDC Management* is inapposite in the instant case.

■ The city's hearing officer correctly ruled that a "property owner becomes an owner-builder when it constructs through others . . . improvements to real property," irrespective of the contractual or agency relationship between the owner and a contractor.

### Conclusion

Because the tax court did not err in holding that RDB constituted an "owner-builder" within Code section 14–100, we affirm.

CLABORNE and GARBARINO, JJ., concur.

---

1. RDB relies on three cases to support its construction. *See Liebscher v. Kraus,* 74 Wis. 387, 43 N.W. 166 (1889); *State v. Lonne,* 15 N.D. 275, 107 N.W. 524 (1906); *Great Atl. & Pac. Tea Co. v. City of Richmond,* 183 Va. 931, 33 S.E.2d 795 (1945). *Liebscher* held that adding "by" would not have added to the certainty of the effect of a corporate president's signature. 43 N.W. at 167.

*Lonne* held only that the term "means" was synonymous with "agency" or "instrumentality" in a specific statute. 107 N.W. at 525. *Great Atlantic* held only that, under the ordinance in question, "through" meant "by means of" or "by agency of." None of these cases are applicable to the instant case.